IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E▮▮▮ T▮▮▮▮, and J▮▮ T▮▮▮▮, <br><br> Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; MERCY PHYSICIAN SERVICES, INC, d/b/a MERCY CARE VERNON VILLAGE; CAPSON PHYSICIANS INSURANCE COMPANY d/b/a CAPSON PHYSICIANS INSURANCE d/b/a CAPSON PHYSICIANS INSURANCE AGENCY, INC., <br><br> Defendants. | Case No: 1:16-cv-00160-LTS <br><br> LAW NO. LACV084324 <br><br> **NOTICE OF REMOVAL** |

**COMES NOW** the Defendant, Capson Physicians Insurance Company d/b/a Capson Physicians Insurance d/b/a Capson Physicians Insurance Agency, Inc. ("Capson"), and pursuant to 28 U.S.C. § 1441, hereby gives notice of the removal of this

case from the Iowa District Court for Linn County to this United States District Court and in support thereof states as follows:

1. This is a wrongful death and medical malpractice lawsuit, arising from the death of Plaintiff Gloria Teague. Plaintiff has sued five defendants: Dr. LeRoy Yates, Dr. Jason Booth, Diamond Medical Spa & Vein, P.C. (Diamond), Mercy Physician Services, Inc. (Mercy), and Capson Physicians Insurance Company (Capson).

    a. Divisions I–IV of Plaintiffs' action allege negligence by two medical providers—Drs. Yates and Booth—and two medical corporations—Diamond and Mercy.

    b. Division V is solely against Capson and alleges one of the medical providers, Dr. Yates, had professional liability insurance coverage through Capson at the time of the incident, yet Capson is refusing to provide coverage.

2. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between each properly joined and aligned Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE PARTIES

3. Based upon paragraphs 2–4 of the Amended Petition at Law, each of the Plaintiffs presently are, and at the time this action was commenced were, citizens of the State of Iowa.

4. Upon information and belief, Defendant LeRoy Yates, M.D. presently is, and at the time this action was commenced was, a medical doctor licensed to practice medicine by the State of Iowa, practicing medicine in the State of Iowa, and a resident of the State of Iowa.

5. Upon information and belief, Diamond Medical Spa & Vein P.C. presently is, and at the time this action was commenced was, a domestic for-profit corporation, created under the laws of the State of Iowa, with its principal place of business in Iowa.

6. Upon information and belief, Defendant Jason W. Booth, M.D. presently is, and at the time this action was commenced was, a medical doctor licensed to practice medicine by the State of Iowa, practicing medicine in the State of Iowa, and a resident of the State of Iowa.

7. Upon information and belief, Defendant Mercy Physician Services, Inc. presently is, and at the time this action was commenced was, a domestic for-profit corporation, created under the laws of the State of Iowa, with its principal place of business in Iowa.

8. Defendant Capson presently is, and at the time this action was commenced was, a corporation, created under the laws of the State of Texas, with its principal place of business in Texas.

## JURISDICTIONAL BASIS FOR REMOVAL

9. Several federal courts have recognized a doctrine called "fraudulent misjoinder"—sometimes called "procedural misjoinder," which is a more appropriate term given the facts of this case—as an exception to the complete diversity rule. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010).

10. The Eighth Circuit explained fraudulent or procedural misjoinder as follows:

    [Fraudulent or procedural misjoinder] occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

    *Id.* Each of the elements of this doctrine are met in this case.

    a. First, Plaintiffs have sued a diverse Texas defendant (Capson).

    b. Second, Plaintiffs have sued non-diverse Iowa defendants (Yates, Diamond, Booth, and Mercy).

    c. Third, Plaintiffs have no reasonable procedural basis to join all Defendants in one action because Plaintiffs have no right under Iowa law to bring a claim against Capson until after a judgment is entered against Dr. Yates and the judgment against Dr. Yates is returned unsatisfied. IOWA CODE § 516.1;

IOWA CODE § 516.3; see *Roach v. Ravenstein's Estate*, 326 F. Supp. 830, 835-36 (S.D. Iowa 1971) ("…the Plaintiff has no rights under a policy of insurance until a judgment is entered against the insured, nor until a judgment against the insured is returned unsatisfied."); *Hoosier Cas. Co. of Indianapolis, Ind. v. Fox*, 102 F. Supp. 214, 221 (N.D. Iowa 1952) ("Under the provisions of [Iowa Code section 516.1] the recovery of a judgment and the return of execution unsatisfied are conditions precedent to the maintenance of an action by such injured person against the tort-feasor's insurer and until such conditions have been met such injured person has no rights against such insurer.").

    d. Therefore, diversity is not defeated because the claims against Defendants Yates, Diamond, Booth, and Mercy that destroy diversity have no real connection with the controversy against Defendant Capson, which qualifies for diversity.

11. Likewise, when the parties to this case are properly aligned, complete diversity exists. Previously, the Eighth Circuit has held "it is well established that the designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction." *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959). In *Dryden*, the Eighth Circuit referenced, *inter alia*, *Thomson v. Butler*, 136 F.2d 644, 647, wherein the court explained:

> '* * * For purposes of testing the jurisdiction of a federal court on the basis of diversity of citizenship, it is immaterial how the parties may have been designated in the pleadings, since the court must

-5-
Case 1:16-cv-00160-LTS    Document 2    Filed 08/01/16    Page 5 of 10

align them for jurisdictional purposes on the basis of their actual legal interests and the apparent results to them if the object sought to be accomplished by the litigation is successful. * * *'

12. In this case, with respect to Division V (the only Division that involves Capson), the interests of Plaintiffs (all Iowa citizens) and Defendants Yates, Diamond, Booth, and Mercy (all Iowa citizens) are all aligned and adverse to the interest of Defendant Capson (Texas citizen). *See Murphy v. Shelby*, 353 F.2d 418, 419 (8th Cir. 1965). Such interests arise from the fact that Plaintiffs are seeking contribution from Defendant Capson and Defendants Yates, Diamond, Booth, and Mercy would likewise desire Capson's contribution in this case.

## AMOUNT IN CONTROVERSY

13. The matter in controversy exceeds $75,000, exclusive of interest and costs. This is a wrongful death case. The Amended Petition at Law alleges that Defendants Yates, Diamond, Booth, and Mercy were negligent in their care and treatment of Defendant Decedent Gloria Teague and that such negligence was a direct and proximate cause of Gloria Teague's death and the remaining Plaintiffs' damages.

## PROCEDURAL & LOCAL RULE REQUIREMENTS

14. The attached Amended Petition at Law and Jury Demand, which named Capson for the first time, was filed in the Iowa District Court for Linn County on June 9, 2016. *See* Exhibit A. Capson was served through the Insurance Commissioner on July 5, 2016. Removal is timely.

15. In compliance with 28 U.S.C. § 1446(d), a copy of this notice is being served on all adverse parties and is being filed with the Iowa District Court for Linn County.

-6-
Case 1:16-cv-00160-LTS   Document 2   Filed 08/01/16   Page 6 of 10

16. Because Defendant Capson is the only proper Defendant in this matter, no Statement of Agreement is included.

17. The United States District Court for the Northern District of Iowa, Cedar Rapids Division, embraces the county in which the state court action is now pending; thus, this Court is the proper venue for this action.

18. In compliance with LR 81, Capson states as follows:

    a. Copies of all process, pleadings, and orders filed in the state case are attached as Exhibit B;

    b. Upon information and belief, no matters are pending in the Iowa District Court that will require resolution by this Court;

    c. The counsel to appear in the Iowa District Court are:

| |
|---|
| Michael H. Biderman |
| James P. Hayes |
| Karen A. Lorenzen |
| HAYES LORENZEN LAWYERS PLC |
| Plaza Centre One, Suite 580 |
| 125 S. Dubuque Street |
| Iowa City, IA 52240 |
| Telephone: 319-887-3688 |
| E-Mail: jhayes@hlplc.com |
| mbiderman@hlplc.com |
| klorenzen@hlplc.com |
| ATTORNEYS FOR PLAINTIFF |

> Loree A. Nelson
> Barry G. Vermeer
> GISLASON & HUNTER, LLP
> 317 6th Avenue, Suite 1400
> Des Moines, IA 50309
> Telephone: 515-244-6199
> E-Mail: LNelson@gislason.com
> BVermeer@gislason.com
> ATTORNEYS FOR DEFENDANTS MERCY PHYSICIAN SERVICES INC.
> AND JASON W. BOOTH

> Jennifer E. Rinden
> Robert D. Houghton
> SHUTTLEWORTH & INGERSOLL, P.L.C.
> 500 U.S. Bank Bldg., P.O. Box 2107
> Cedar Rapids, IA 52406
> Telephone: 319-365-9461
> E-Mail: rdh@shuttleworthlaw.com
> jer@shuttleworthlaw.com
> ATTORNEYS FOR DEFENDANTS LEROY YATES, M.D.,
> AND DIAMOND MEDICAL SPA & VEIN, P.C.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _/s/ SMO'B_

Sean M. O'Brien AT0005874
Caroline K. Bettis AT0011559
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Telephone: (515) 243-4191
Facsimile (515) 246-5808
E-Mail: obrien.sean@bradshawlaw.com
E-Mail: bettis.caroline@bradshawlaw.com

ATTORNEY FOR DEFENDANT CAPSON PHYSICIANS
INSURANCE COMPANY d/b/a CAPSON PHYSICIANS
INSURANCE d/b/a CAPSON PHYSICIANS INSURANCE
AGENCY, INC.

Original filed.

Copy to:

James P. Hayes
Michael Hayes Biderman
Karen A. Lorenzen
HAYES LORENZEN LAWYERS PLC
Plaza Centre One, Suite 580
125 S. Dubuque Street
Iowa City, IA 52240
Telephone: 319-887-3688
E-Mail: jhayes@hlplc.com
        mbiderman@hlplc.com
        klorenzen@hlplc.com

ATTORNEYS FOR PLAINTIFF

Loree A. Nelson
Barry G. Vermeer
GISLASON & HUNTER, LLP
317 6th Avenue, Suite 1400
Des Moines, IA 50309
Telephone: 515-244-6199
E-Mail: LNelson@gislason.com
        BVermeer@gislason.com

ATTORNEYS FOR DEFENDANTS MERCY PHYSICIAN SERVICES INC.
AND JASON W. BOOTH

Robert D. Houghton
Jennifer E. Rinden
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
Telephone: 319-365-9461
E-Mail: rdh@shuttleworthlaw.com
        jer@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANTS LEROY YATES, M.D.,
AND DIAMOND MEDICAL SPA & VEIN, P.C.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 1 of aug , 2016 by:

- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Federal Express
- ☐ FAX
- ☐ UPS
- ☒ Other CM-ECF

*Lucy Anderson*