# Exhibit A

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, █ T████, and J███ T█████, <br><br> Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE; CAPSON PHYSICIANS INSURANCE COMPANY d/b/a CAPSON PHYSICIANS INSURANCE d/b/a CAPSON PHYSICIANS INSURANCE AGENCY, INC. <br><br> Defendants. | LAW NO. LACV 084324 <br><br> AMENDED PETITION AT LAW |

### JURISDICTION, PARTIES AND VENUE

1. Plaintiffs seek recovery of an amount herein that is in excess of the jurisdictional requirements of the Iowa Rules of Appellate Procedure.

2. Gloria Teague was a resident of Cedar Rapids, Linn County, Iowa until her death on June 15, 2014.

EXHIBIT
A

3.     Anthony Teague was Gloria Teague's husband until the time of her death and is currently a resident of Cedar Rapids, Linn County, Iowa. Anthony Teague is the Administrator of the Estate of Gloria Teague by Letters of Appointment issued January 21, 2015.

4.     Jasmine Teague, Antonio Teague, ▮▮▮ T▮▮, and J▮▮ T▮▮ are the children of Gloria and Anthony Teague and all are residents of Cedar Rapids, Linn County, Iowa.

5.     LeRoy Yates, M.D. ("Dr. Yates") is a medical doctor licensed to practice medicine by the State of Iowa; specializes in the area of obstetrics and gynecology; was at all times material hereto practicing medicine in Davenport, Scott County, Iowa; and at all times material hereto acted both as an individual and as an officer, agent and/or employee of Diamond Medical Spa & Vein.

6.     Diamond Medical Spa & Vein P.C. ("Diamond") is a domestic for-profit corporation duly organized, created and existing under the laws of the State of Iowa; at all times material hereto had its principal place of business in Davenport, Scott County, Iowa.

7.     Jason W. Booth, M.D. ("Dr. Booth") is a medical doctor licensed to practice medicine in the State of Iowa; specializes in the area of family practice medicine in Cedar Rapids, Linn County, Iowa; was at all times material hereto acted both as an individual and as an officer, agent, and/or employee of Mercy Physician Associates, Inc. d/b/a Mercy Care Vernon Village.

2

8. Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village ("Mercy") is a domestic for-profit corporation duly organized, created and existing under the laws of the State of Iowa; at all times material hereto had its principle place of business in Cedar Rapids, Linn County, Iowa.

9. Capson Physicians Insurance Company d/b/a Capson Physicians Insurance d/b/a Capson Physicians Insurance Agency Inc. ("Capson") is a Texas corporation operating and existing under the laws of the State of Iowa.

10. At all times material hereto Capson issued a policy to Defendant Dr. Yates bearing the policy number 1001396 (hereinafter Dr. Yates' Capson policy), which contained, among other provisions, medical professional liability coverage for incidents such as the claims of malpractice raised in this petition by Plaintiffs.

11. At all times material hereto Dr. Yates' Capson policy has limits of liability of $1,000,000/$3,000,000.

12. At all times material hereto Dr. Yates was an insured within the reasonable interpretation of his Capson policy.

13. At all times material hereto, Plaintiffs are an intended third party beneficiary of Dr. Yates' Capson policy.

14. Venue is appropriately placed under Iowa Code § 616.

## STATEMENT OF THE FACTS

15. On June 6, 2014, Jason Booth, M.D. ("Dr. Booth"), Gloria Teague's primary care physician, sent Dr. Yates a fax indicating that it was OK to stop Gloria Teague's

3

Plavix on June 4, 2014 and resume on June 15, 2014 in anticipation of an abdominal liposculpture and Brazilian buttock augmentation.

16. On June 14, 2014, Gloria Teague presented to Diamond for abdominal liposculpture and Brazilian buttock augmentation.

17. Dr. Yates performed a pre-op evaluation of Mrs. Teague on June 14, 2014 in which he noted that Mrs. Teague had a family history of "blood clots mother" and noted that Mrs. Teague was 5'5" and 204 lbs.

18. At 1115 on June 14, 2014 Lindy Schlichting, LPN ("Nurse Schlichting") administered 4mg of Alprazolam PO "at the beginning of her procedure."

19. At 1130 Nurse Schlichting administered 2mg more of Alprazolam per Mrs. Teague's request.

20. At 1310 Nurse Schlichting administered 5mg Versed for anxiety IV.

21. At 1325 Nurse Schlichting administered 10mg Morphine Sulfate IV due to pain complaints from Mrs. Teague.

22. At 1500 "during actual fat transfer patient was given an additional 10mg of Morphine Sulfate for pain, third dose of morphine sulfate was ordered, but held......patient tolerated without difficulty or complication."

23. At 1700 "procedure concluded and patient was given 4mg of Zofran IV....patient resting comfortably in the OR. All medications given during the procedure were given under Dr. Yates' supervision, and all were verbal orders."

24. At 1800 Nurse Schlichting noted "Dr. Yates and I assisted patient getting dressed, her eyes were open and she was able to follow verbal commands, no

4

c/o pain or discomfort. Patient was helped into wheelchair by Dr. Yates and I, she was wheeled to her vehicle, she was able to stand with 1:1 assist, patient climbed into the backseat of her vehicle. Patient laid on her left side, and vocalized that she wanted her seatbelt on which her daughter assisted her with."

25.  Nurse Schlichting further noted that "Patient did have minimal verbalization."

26.  In his operative report Dr. Yates noted that "2200ml was collected in a sterile container for fat/stem cell transfer processing" and 'the total volume of fat injected was 1400 ml. The estimated 'dry' or actual volume of fat was 350 ml to each buttock."

27.  The medical examiner report indicates that Gloria Teague was last seen alive by Anthony Teague at 2300 on June 14, 2014.

28.  At approximately 0230 on June 15, 2014, Gloria Teague was found unresponsive by Anthony Teague who attempted to resuscitate her.

29.  At approximately 0235 Jasmine Teague called the Cedar Rapids Police Department ("CRPD").

30.  At approximately 0237 Sgt. Graham Campshure of CRPD arrived at the Teague residence and took over the CPR from Anthony Teague.

31.  Officer Julio Lujan and Officer Jeremy Depies of CRPD subsequently arrived at the Teague residence to assist Sgt. Campshure.

32.  At approximately 0240, paramedics Jeff Madland and Taryn Dugan of Area Ambulance Service arrived and at 0257 transported Gloria Teague to Mercy Medical Center in Cedar Rapids with the assistance of the Cedar Rapids Fire

Department, where she was pronounced dead "shortly after arrival" by Brian
Edeker, M.D.

33. On July 25, 2014 Edward Callaghan, M.D. performed an autopsy on Gloria
Teague was a diagnosis of "I. Thromboemboli in left lung vasculature and right
heart consistent with pulmonary embolus, II. Status post liposuction procedure
with symmetric skin incisions and underlying adipose tissue showing mild
extravasation of blood III. Left ovarian cyst (6.5cm) benign, favor physiologic, IV.
Legal toxicology studies on blood positive."

34. On February 3, 2015 Dr. Yates sent Capson an email indicating that he had
received a medical records request regarding Gloria Teague.

35. On December 14, 2015 Lanette Matthews, J.D. the VP and Director of Claims at
Capson sent Dr. Yates an email indicating that Dr. Yates' policy with Capson
expired on August 1, 2015 and that he needed to contact his current carrier as
"there was not a written Notice of Claim reported to Capson during the policy
period involving Gloria Teague. Dr. Yates was on a claims made policy."

## CAUSES OF ACTION

### DIVISION I: DR. YATES

#### Count 1: Anthony Teague as Administrator of the
Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's
cause of action against Dr. Yates, states:

6

36.   Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

37.   From the time that Gloria Teague was first seen by Dr. Yates, Dr. Yates had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship. Dr. Yates negligently failed to perform this duty.

38.   Dr. Yates was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

39.   Dr. Yates was negligent in:

a)   failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

b)   failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

c)   failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

d)   performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

e)   performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

f)   performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

7

g)    performing the abdominal liposculapture and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

h)    depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

i)    other ways as revealed through the discovery process.

40.    As a direct and proximate result of the negligence of Dr. Yates, the Estate of Gloria Teague, through Anthony Teague:

a)    has incurred expenses for medical services over and above those otherwise necessary;

b)    has incurred funeral expenses;

c)    has suffered a loss of body and mind;

d)    will in the future suffer a loss of body and mind;

e)    has suffered and in the future will suffer lost time and employment;

f)    has endured pain and suffering and a loss of enjoyment of life;

g)    lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h)    has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Yates in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

8

**Count 2: Anthony Teague, as Administrator of the
Estate of Gloria Teague on behalf of Anthony Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of
Anthony Teague, for his cause of action against Dr. Yates, states:

41. Plaintiff hereby incorporates by reference paragraphs 1-35 and 37-39 herein.

42. As a direct and proximate result of the negligence of Dr. Yates, Anthony Teague
has:

    a) lost the present worth of the amount of financial support which Gloria
Teague would have contributed to her spouse, but for her death;

    b) been and will in the future be deprived of the support, aid, comfort and
companionship of his wife; and

    c) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague,
on behalf of Anthony Teague, prays for judgment against Dr. Yates in an amount
sufficient to compensate Anthony Teague for his damages, together with costs and
interest as provided by law.

**Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on
behalf of Jasmine Teague, Antonio Teague, ███ T███, and █ █**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of
Jasmine Teague, Antonio Teague, ███ T███, and █ T███ for their cause of
action against Dr. Yates states:

43. Plaintiff hereby incorporates by reference paragraphs 1-35 and 37-39 herein.

44.     As a direct and proximate result of the negligence of Dr. Yates, Jasmine Teague and Antonio Teague have:

    a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    b.) incurred other damages.

45.     As a direct and proximate result of the negligence of Dr. Yates, █ T█ and Jade Teague have:

    a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █ T█ and J█ T█

    b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █ T█ and J█ T█ prays for judgment against Dr. Yates in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION II: DIAMOND

### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Diamond, states:

46.     Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

10

47. From the time that Gloria Teague was first seen by Diamond, by and through its agents, representatives and/or employees, including, but not limited to Dr. Yates, until she left the care of Diamond, it was the duty of Diamond, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship. Diamond negligently failed to perform this duty.

48. Diamond was negligent through its agents, representatives and/or employees, including Dr. Yates, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

49. Diamond was negligent in:

   a) failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

   b) failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

   c) failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

   d) performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

   e) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

11

f) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

g) performing the abdominal liposculapture and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

h) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

i) other ways as revealed through the discovery process.

50. Diamond is liable for the negligent acts of Dr. Yates, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

51. As a direct and proximate result of the negligence of Diamond, the Estate of Gloria Teague, through Gloria Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) has suffered and in the future will suffer lost time and employment;

e) has endured pain and suffering and a loss of enjoyment of life;

12

f)  lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g)  has incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Diamond in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

### Count 2:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Diamond, states:

52.  Plaintiff hereby incorporates by reference paragraphs 1-35 and 47-50 herein.

53.  As a direct and proximate result of the negligence of Diamond, Anthony Teague has:

a)  lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

b)  been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

c)  incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Diamond in an amount

13

sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, █████ T█████, and J██ T████**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, █ ██ T█ ██, and J█ T█ ███, for their cause of action against Diamond states:

54. Plaintiff hereby incorporates by reference paragraphs 1-35 and 47-50 herein.

55. As a direct and proximate result of the negligence of Diamond, Jasmine Teague and Antonio Teague have:

   a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

   b.) incurred other damages.

56. As a direct and proximate result of the negligence of Diamond, █ ██ T██ and J█ T████ have:

   a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █ ██ T███ and J█ T███;

   b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

   c.) incurred other damages.

14

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █████ T████, and J███ T████ prays for judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

### DIVISION III: Dr. Booth

#### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Dr. Booth, states:

57.   Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

58.   From the time that Gloria Teague was first seen by Dr. Booth, Dr. Booth had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship.   Dr. Booth negligently failed to perform this duty.

59.   Dr. Booth was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

60.   Dr. Booth was negligent in:

a)   failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

15

b) failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance;

c) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

d) other ways as revealed through the discovery process.

61. As a direct and proximate result of the negligence of Dr. Booth, the Estate of Gloria Teague, through Anthony Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) will in the future suffer a loss of body and mind;

e) has suffered and in the future will suffer lost time and employment;

f) has endured pain and suffering and a loss of enjoyment of life;

g) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h) has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Booth in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

16

### Count 2: Anthony Teague, as Administrator of the
### Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Dr. Booth, states:

62.    Plaintiff hereby incorporates by reference paragraphs 1-35 and 58-60 herein.

63.    As a direct and proximate result of the negligence of Dr. Booth, Anthony Teague has:

    a)    lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

    b)    been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

    c)    incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Dr. Booth in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

### Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, █████ T████, and J███ T█████

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, █████ T████, and J███ T█████, for their cause of action against Dr. Booth states:

64.    Plaintiff hereby incorporates by reference paragraphs 1-35 and 58-60 herein.

17

65.    As a direct and proximate result of the negligence of Dr. Booth, Jasmine Teague
       and Antonio Teague have:

       a.) been and will in the future be deprived of the support, aid, comfort and
           companionship of their mother, Gloria Teague; and

       b.) incurred other damages.

66.    As a direct and proximate result of the negligence of Dr. Booth, █  T█
       and J█ T█ have:

       a.) been deprived of the present value of the amount of financial support which
           Gloria Teague would have contributed to █ T█ and J█ T█

       b.) been and will in the future be deprived of the support, aid, comfort and
           companionship of their mother, Gloria Teague; and

       c.) incurred other damages.

       WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague,
for Jasmine Teague, Antonio Teague, █ T█, and J█ T█ prays for
judgment against Dr. Booth in an amount sufficient to compensate them for their
damages, together with costs and interest as provided by law.

## DIVISION IV: MERCY

### Count 1: Anthony Teague as Administrator of the
### Estate of Gloria Teague

       Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's
cause of action against Mercy, states:

67.    Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

18

68. From the time that Gloria Teague was first seen by Mercy, by and through its agents, representatives and/or employees, including, but not limited to Dr. Booth, until she left the care of Mercy, it was the duty of Mercy, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship. Mercy negligently failed to perform this duty.

69. Mercy was negligent through its agents, representatives and/or employees, including Dr. Booth, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

70. Mercy was negligent in:

   a) failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

   b) failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance

   c) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

   d) other ways as revealed through the discovery process.

19

71. Mercy is liable for the negligent acts of Dr. Booth, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

72. As a direct and proximate result of the negligence of Mercy, the Estate of Gloria Teague, through Gloria Teague:

   a) has incurred expenses for medical services over and above those otherwise necessary;

   b) has incurred funeral expenses;

   c) has suffered a loss of body and mind;

   d) has suffered and in the future will suffer lost time and employment;

   e) has endured pain and suffering and a loss of enjoyment of life;

   f) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

   g) has incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Mercy in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

**Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Mercy, states:

73.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 68-71 herein.

74.     As a direct and proximate result of the negligence of Mercy, Anthony Teague has:

   a)     lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

   b)     been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

   c)     incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Mercy in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

   **Count 3:   Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E___ T___, and J___ T___**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E___ T___ and J___ T___, for their cause of action against Mercy states:

75.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 68-71 herein.

76.     As a direct and proximate result of the negligence of Mercy, Jasmine Teague and Antonio Teague have:

21

a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

b.) incurred other damages.

77. As a direct and proximate result of the negligence of Mercy, █████ T████ and J██ T████ have:

a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █████ T████ and J██ T████;

b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █████ T████ and J██ T████ prays for judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION V: CAPSON

### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Capson, states:

78. Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

79. Dr. Yates was insured for loss due to medical negligence by Capson on the date of loss.

22

80. Plaintiffs are making a claim for medical negligence against Dr. Yates and Diamond.

81. Dr. Yates had paid the premiums which were due.

82. Dr. Yates had a loss due to medical negligence which is covered by the insurance policy with Capson.

83. Dr. Yates gave Capson:

a.) notice of loss required by the policy; and/or

b.) failure to give formal notice of loss was not prejudicial.

84. Capson is refusing to provide coverage for Dr. Yates' claim.

85. The Estate of Gloria Teague is an intended third party beneficiary of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of liability of the medical malpractice insurance contract between Dr. Yates and Capson.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays that Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

### Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Capson, states:

23

86. Plaintiff hereby incorporates by reference paragraphs 1-35 and 79-84 herein.

87. Anthony Teague is an intended third party beneficiary of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of liability of the medical malpractice insurance contract between Dr. Yates and Capson.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

**Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, █ T█ and J█ T█** 

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, █ T█, and J█ T█, for their cause of action against Capson states:

88. Plaintiff hereby incorporates by reference paragraphs 1-35 and 79-84 herein.

89. Jasmine Teague, Antonio Teague, █ T█ and J█ T█ are intended third party beneficiaries of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of

24

liability of the medical malpractice insurance contract between Dr. Yates and Capson.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, ██████ T██████, and J██ T██████, prays that Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

HAYES LORENZEN LAWYERS PLC

By _____
James P. Hayes          AT0003309
jhayes@hlplc.com

By _____
Mike H. Biderman        AT00011133
mbiderman@hlplc.com

By _____
Karen A. Lorenzen       AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

25

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

Robert D. Houghton
Jennifer E. Rinden
SHUTTLEWORTH & INGERSOLL, PLC
Attorneys for Leroy Yates, M.D. & Diamond Medical Spa
Attorneys for Leroy Yates, M.D. & Diamond Medical Spa
500 U.S. Bank Bldg., PO Box 2107

CERTIFICATE OF SERVICE
I hereby certify that on June ____9____, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████, and J███ T█████, <br><br>          Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, <br><br>          Defendants. | LAW NO. _____ <br><br> JURY DEMAND |

Plaintiffs hereby demand a trial by jury of the within cause.

HAYES LORENZEN LAWYERS PLC

By _____

James P. Hayes                    AT0003309
jhayes@hlplc.com

By _____

Mike H. Biderman              AT00011133
mbiderman@hlplc.com

By _____

Karen A. Lorenzen      AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

2