# Exhibit B

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, B█████ T█████, and J.███ T█████, <br><br> Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, <br><br> Defendants. | LAW NO. _____ <br><br> PETITION AT LAW |

## JURISDICTION, PARTIES AND VENUE

1.  Plaintiffs seek recovery of an amount herein that is in excess of the jurisdictional requirements of the Iowa Rules of Appellate Procedure.

2.  Gloria Teague was a resident of Cedar Rapids, Linn County, Iowa until her death on June 15, 2014.

3.  Anthony Teague was Gloria Teague's husband until the time of her death and is currently a resident of Cedar Rapids, Linn County, Iowa. Anthony Teague is the

EXHIBIT
B

Administrator of the Estate of Gloria Teague by Letters of Appointment issued January 21, 2015.

4. Jasmine Teague, Antonio Teague, E█████ T██████, and J████ T██████ are the children of Gloria and Anthony Teague and all are residents of Cedar Rapids, Linn County, Iowa.

5. LeRoy Yates, M.D. ("Dr. Yates") is a medical doctor licensed to practice medicine by the State of Iowa; specializes in the area of obstetrics and gynecology; was at all times material hereto practicing medicine in Davenport, Scott County, Iowa; and at all times material hereto acted both as an individual and as an officer, agent and/or employee of Diamond Medical Spa & Vein.

6. Diamond Medical Spa & Vein P.C. ("Diamond") is a domestic for-profit corporation duly organized, created and existing under the laws of the State of Iowa; at all times material hereto had its principal place of business in Davenport, Scott County, Iowa.

7. Jason W. Booth, M.D. ("Dr. Booth") is a medical doctor licensed to practice medicine in the State of Iowa; specializes in the area of family practice medicine in Cedar Rapids, Linn County, Iowa; was at all times material hereto acted both as an individual and as an officer, agent, and/or employee of Mercy Physician Associates, Inc. d/b/a Mercy Care Vernon Village.

8. Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village ("Mercy") is a domestic for-profit corporation duly organized, created and existing under the

2

laws of the State of Iowa; at all times material hereto had its principle place of business in Cedar Rapids, Linn County, Iowa.

9.     Venue is appropriately placed under Iowa Code § 616.

## STATEMENT OF THE FACTS

10.     On June 6, 2014, Jason Booth, M.D. ("Dr. Booth"), Gloria Teague's primary care physician, sent Dr. Yates a fax indicating that it was OK to stop Gloria Teague's Plavix on June 4, 2014 and resume on June 15, 2014 in anticipation of an abdominal liposculpture and Brazilian buttock augmentation.

11.     On June 14, 2014, Gloria Teague presented to Diamond for abdominal liposculpture and Brazilian buttock augmentation.

12.     Dr. Yates performed a pre-op evaluation of Mrs. Teague on June 14, 2014 in which he noted that Mrs. Teague had a family history of "blood clots mother" and noted that Mrs. Teague was 5'5" and 204 lbs.

13.     At 1115 on June 14, 2014 Lindy Schlichting, LPN ("Nurse Schlichting") administered 4mg of Alprazolam PO "at the beginning of her procedure."

14.     At 1130 Nurse Schlichting administered 2mg more of Alprazolam per Mrs. Teague's request.

15.     At 1310 Nurse Schlichting administered 5mg Versed for anxiety IV.

16.     At 1325 Nurse Schlichting administered 10mg Morphine Sulfate IV due to pain complaints from Mrs. Teague.

3

17. At 1500 "during actual fat transfer patient was given an additional 10mg of Morphine Sulfate for pain, third dose of morphine sulfate was ordered, but held......patient tolerated without difficulty or complication."

18. At 1700 "procedure concluded and patient was given 4mg of Zofran IV....patient resting comfortably in the OR. All medications given during the procedure were given under Dr. Yates' supervision, and all were verbal orders."

19. At 1800 Nurse Schlichting noted "Dr. Yates and I assisted patient getting dressed, her eyes were open and she was able to follow verbal commands, no c/o pain or discomfort. Patient was helped into wheelchair by Dr. Yates and I, she was wheeled to her vehicle, she was able to stand with 1:1 assist, patient climbed into the backseat of her vehicle. Patient laid on her left side, and vocalized that she wanted her seatbelt on which her daughter assisted her with."

20. Nurse Schlichting further noted that "Patient did have minimal verbalization."

21. In his operative report Dr. Yates noted that "2200ml was collected in a sterile container for fat/stem call transfer processing" and 'the total volume of fat injected was 1400 ml. The estimated 'dry' or actual volume of fat was 350 ml to each buttock."

22. The medical examiner report indicates that Gloria Teague was last seen alive by Anthony Teague at 2300 on June 14, 2014.

23. At approximately 0230 on June 15, 2014, Gloria Teague was found unresponsive by Anthony Teague who attempted to resuscitate her.

4

24.  At approximately 0235 Jasmine Teague called the Cedar Rapids Police Department ("CRPD").

25.  At approximately 0237 Sgt. Graham Campshure of CRPD arrived at the Teague residence and took over the CPR from Anthony Teague.

26.  Officer Julio Lujan and Officer Jeremy Depies of CRPD subsequently arrived at the Teague residence to assist Sgt. Campshure.

27.  At approximately 0240, paramedics Jeff Madland and Taryn Dugan of Area Ambulance Service arrived and at 0257 transported Gloria Teague to Mercy Medical Center in Cedar Rapids with the assistance of the Cedar Rapids Fire Department, where she was pronounced dead "shortly after arrival" by Brian Edeker, M.D.

28.  On July 25, 2014 Edward Callaghan, M.D. performed an autopsy on Gloria Teague was a diagnosis of "I. Thromboemboli in left lung vasculature and right heart consistent with pulmonary embolus, II. Status post liposuction procedure with symmetric skin incisions and underlying adipose tissue showing mild extravasation of blood III. Left ovarian cyst (6.5cm) benign, favor physiologic, IV. Legal toxicology studies on blood positive."

## CAUSES OF ACTION

### DIVISION I: DR. YATES

**Count 1: Anthony Teague as Administrator of the
Estate of Gloria Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Dr. Yates, states:

29. Plaintiff hereby incorporates by reference paragraphs 1-28 herein.

30. From the time that Gloria Teague was first seen by Dr. Yates, Dr. Yates had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship. Dr. Yates negligently failed to perform this duty.

31. Dr. Yates was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

32. Dr. Yates was negligent in:

    a) failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

    b) failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

    c) failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

6

d) performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

e) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

f) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

g) performing the abdominal liposculapture and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

h) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

i) other ways as revealed through the discovery process.

33. As a direct and proximate result of the negligence of Dr. Yates, the Estate of Gloria Teague, through Anthony Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) will in the future suffer a loss of body and mind;

e) has suffered and in the future will suffer lost time and employment;

f) has endured pain and suffering and a loss of enjoyment of life;

7

g)   lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h)   has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Yates in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

### Count 2:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Dr. Yates, states:

34.   Plaintiff hereby incorporates by reference paragraphs 1-28 and 30-32 herein.

35.   As a direct and proximate result of the negligence of Dr. Yates, Anthony Teague has:

a)   lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

b)   been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

c)   incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Dr. Yates in an amount

8

sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, █████ T█████, and J███ T█████**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, █████ T█████, and J███ T█████, for their cause of action against Dr. Yates states:

36.    Plaintiff hereby incorporates by reference paragraphs 1-28 and 30-32 herein.

37.    As a direct and proximate result of the negligence of Dr. Yates, Jasmine Teague and Antonio Teague have:

   a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

   b.) incurred other damages.

38.    As a direct and proximate result of the negligence of Dr. Yates, █████ T█████ and J███ T█████ have:

   a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █████ T█████ and J███ T█████;

   b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

   c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █████ T█████, and J███ T█████ prays for

judgment against Dr. Yates in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION II: DIAMOND

### Count 1:  Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Diamond, states:

39.  Plaintiff hereby incorporates by reference paragraphs 1-28 herein.

40.  From the time that Gloria Teague was first seen by Diamond, by and through its agents, representatives and/or employees, including, but not limited to Dr. Yates, until she left the care of Diamond, it was the duty of Diamond, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship.  Diamond negligently failed to perform this duty.

41.  Diamond was negligent through its agents, representatives and/or employees, including Dr. Yates, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

42.  Diamond was negligent in:

a)  failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

10

    b)    failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

    c)    failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

    d)    performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

    e)    performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

    f)    performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

    g)    performing the abdominal liposculapture and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

    h)    depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

    i)    other ways as revealed through the discovery process.

43.    Diamond is liable for the negligent acts of Dr. Yates, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

44.    As a direct and proximate result of the negligence of Diamond, the Estate of Gloria Teague, through Gloria Teague:

11

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) has suffered and in the future will suffer lost time and employment;

e) has endured pain and suffering and a loss of enjoyment of life;

f) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g) has incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Diamond in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

### Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Diamond, states:

45.  Plaintiff hereby incorporates by reference paragraphs 1-28 and 40-43 herein.

46.  As a direct and proximate result of the negligence of Diamond, Anthony Teague has:

a) lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

12

b)      been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

c)      incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Diamond in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3:   Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E████ T█████, and J████ T█████**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E████ T████, and J████ T████, for their cause of action against Diamond states:

47.     Plaintiff hereby incorporates by reference paragraphs 1-28 and 40-43 herein.

48.     As a direct and proximate result of the negligence of Diamond, Jasmine Teague and Antonio Teague have:

a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

b.) incurred other damages.

49.     As a direct and proximate result of the negligence of Diamond, E████ T████ and J████ T████ have:

13

a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █████ T████ and J██ T█████;

b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █████ T█████, and J██ T████ prays for judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

### DIVISION III: Dr. Booth

### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Dr. Booth, states:

50. Plaintiff hereby incorporates by reference paragraphs 1-28 herein.

51. From the time that Gloria Teague was first seen by Dr. Booth, Dr. Booth had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship. Dr. Booth negligently failed to perform this duty.

14

52.   Dr. Booth was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

53.   Dr. Booth was negligent in:

a)   failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

b)   failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance;

c)   depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

d)   other ways as revealed through the discovery process.

54.   As a direct and proximate result of the negligence of Dr. Booth, the Estate of Gloria Teague, through Anthony Teague:

a)   has incurred expenses for medical services over and above those otherwise necessary;

b)   has incurred funeral expenses;

c)   has suffered a loss of body and mind;

d)   will in the future suffer a loss of body and mind;

e)   has suffered and in the future will suffer lost time and employment;

f)   has endured pain and suffering and a loss of enjoyment of life;

g) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h) has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Booth in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

## Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Dr. Booth, states:

55. Plaintiff hereby incorporates by reference paragraphs 1-28 and 51-53 herein.

56. As a direct and proximate result of the negligence of Dr. Booth, Anthony Teague has:

a) lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

b) been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

c) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Dr. Booth in an amount

16

sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, █████ T█████ and J█ T█████**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, █ T████, and J█ T██████ for their cause of action against Dr. Booth states:

57.     Plaintiff hereby incorporates by reference paragraphs 1-28 and 51-53 herein.

58.     As a direct and proximate result of the negligence of Dr. Booth, Jasmine Teague and Antonio Teague have:

  a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

  b.) incurred other damages.

59.     As a direct and proximate result of the negligence of Dr. Booth, █████ T████ and J█ T███ have:

  a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to █████ T████ and J█ T████

  b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

  c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █ T████, and J█ T███ prays for

17

judgment against Dr. Booth in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION IV: MERCY

### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Mercy, states:

60.     Plaintiff hereby incorporates by reference paragraphs 1-28 herein.

61.     From the time that Gloria Teague was first seen by Mercy, by and through its agents, representatives and/or employees, including, but not limited to Dr. Booth, until she left the care of Mercy, it was the duty of Mercy, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship. Mercy negligently failed to perform this duty.

62.     Mercy was negligent through its agents, representatives and/or employees, including Dr. Booth, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

63.     Mercy was negligent in:

18

a) failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

b) failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance

c) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

d) other ways as revealed through the discovery process.

64. Mercy is liable for the negligent acts of Dr. Booth, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

65. As a direct and proximate result of the negligence of Mercy, the Estate of Gloria Teague, through Gloria Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) has suffered and in the future will suffer lost time and employment;

e) has endured pain and suffering and a loss of enjoyment of life;

f)     lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g)     has incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Mercy in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

**Count 2:  Anthony Teague, as Administrator of the
Estate of Gloria Teague on behalf of Anthony Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Mercy, states:

66.    Plaintiff hereby incorporates by reference paragraphs 1-28 and 61-64 herein.

67.    As a direct and proximate result of the negligence of Mercy, Anthony Teague has:

a)     lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

b)     been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

c)     incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Mercy in an amount sufficient

20

to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E██ T███, and J██ T██**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E██ T███, and J██ T██, for their cause of action against Mercy states:

68.    Plaintiff hereby incorporates by reference paragraphs 1-28 and 61-64 herein.

69.    As a direct and proximate result of the negligence of Mercy, Jasmine Teague and Antonio Teague have:

    a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    b.) incurred other damages.

70.    As a direct and proximate result of the negligence of Mercy, E██ T██ and J██ T██ have:

    a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to E██ T██ and J██ T██;

    b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, E██ T██, and J██ T██ prays for

21

judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

HAYES LORENZEN LAWYERS PLC

By _____

James P. Hayes        AT0003309
jhayes@hlplc.com

By _____

Mike H. Biderman     AT00011133
mbiderman@hlplc.com

By _____

Karen A. Lorenzen    AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

22

## Return of Service
### In The Iowa District Court for Scott County
(This is not an invoice - an advance deposit may have been sent)

Case No.  __LACV084324__

Notice received this date        **12/8/2015**

STATE of IOWA                )
                             )
Scott County                 )

I certify that I served a copy of:        ORIGINAL NOTICE

---

**Served Person(s):**

_____ at _____ on _____
(name)                              (address)              (date  Time)

Notes: _____

---

**Served Substitute:**

_____ by serving _____
(address)                              (name?)

at _____ on _____ , (a person residing therein who was then at least 18 years old
(address)         (date  Time)          OR spouse away from residence)    (strike non-applicable part.)

Notes: _____

---

**Served Business:**

**DIAMOND MEDICAL SPA& VEIN P.C.**   by serving   **LESLIE GREEN FOR JAY JUNG**
(Company/Government Unit Name)                                        (name)

_____ , on  **12/8/2015  13:20**  , at  **4300 E 53RD ST SUITE 103 DAV**
(title)              (date  time)              (address)

Notes: _____

---

| Fees | | |
|---|---|---|
| Service | $15.00 |
| Copies | $0.50 |
| Mileage | $6.76 |
| Total | $22.26 |

/ S /   Deputy Brian Aldridge

Scott County Sheriff Dennis Conard

By    **Deputy Brian Aldridge**
                              (Deputy Sheriff)

## Return of Service

In The Iowa District Court for Scott County

(This is not an invoice - an advance deposit may have been sent)

Case No.    **LACV084324**

Notice received this date        **12/8/2015**

STATE of IOWA                )
                             )
Scott County                 )

I certify that I served a copy of:        ORIGINAL NOTICE

---

Served Person(s):

| **LEROY YATES MD** | at | **3170 E 53RD ST DAV** | on | **12/8/2015 11:02** |

Notes:

---

Served Substitute:

by serving

at _____ on _____ , (a person residing therein who was then at least 18 years old

OR spouse away from residence).    (strike non-applicable part.)

Notes:

---

Served Business:

by serving

_____ , on _____ at _____

Notes:

---

| Fees | |
|------|------|
| Service | $15.00 |
| Copies | $0.50 |
| Mileage | $5.79 |
| Total | $21.29 |

/ S /  Deputy Brian Aldridge

Scott County Sheriff Dennis Conard

By     **Deputy Brian Aldridge**
                                    (Deputy Sheriff)

Case Name Anthony James Teague as Administrator of the
Estate of Gloria Teague vs Jason Booth, M.D. et al

**RETURN OF SERVICE**
**Service Type: Personal**

Case No.   LACV084324

Date Rcvd: December 7, 2015


STATE OF IOWA
                    ss.
LINN COUNTY


I certify that I served a copy of the Original Notice and Petition to Jason Booth, M.D. at Mercy Care Vernon Village, 3933 Mt. Vernon Rd. SE, Cedar Rapids, IA 52403 on 12/8/2015 @ 3:55 PM.


NOTES:


Fees:
Mileage ($5.75) Service Fee ($15.00) Copy Fee ($0.50)
Total: $21.25

Brian D. Gardner, Sheriff, Linn County, Iowa


By _Deputy Jan V. Burt #128_
_____
Deputy Sheriff

Fees paid by attorney:
James P. Hayes
125 S Dubuque St. Suite #580
Iowa City, IA 52240

Case Name Anthony James Teague as Administrator of the
Estate of Gloria Teague vs Jason Booth, M.D. et al

**RETURN OF SERVICE**
**Service Type: Corporation/Association**

Case No.   LACV084324

Date Rcvd: December 7, 2015

STATE OF IOWA
             ss.
LINN COUNTY

I certify that I served a copy of the Original Notice and Petition to Mercy Physician Services, Inc by serving
Caroline D. Giddings, Registered Agent at 701 10th St. SE, Cedar Rapids, IA 52403 on 12/8/2015 @ 4:23 PM.

NOTES:

Fees:
Mileage ($1.73) Copy Fee ($0.50) Service Fee ($15.00)
Total: $17.23

Brian D. Gardner, Sheriff, Linn County, Iowa

By _Deputy Jan V. Edwards 128_

Deputy Sheriff

Fees paid by attorney:
James P. Hayes
125 S Dubuque St. Suite #580
Iowa City, IA 52240

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E███ T█████ and J███ T██████, | ) ) ) ) ) ) ) ) ) | LAW NO. LACV084324<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF JASON W. BOOTH, M.D. AND MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE** |
| Plaintiffs, | ) | |
| vs. | ) ) | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN, P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | ) ) ) ) ) | |
| Defendants. | ) | |

COME NOW Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village, who hereby submit this Answer to Plaintiffs' Petition at Law, denying each and every allegation contained therein except as hereinafter admitted, qualified or otherwise answered:

## JURISDICTION, PARTIES AND VENUE

1. Admit that this Court has jurisdiction to hear this matter.

2. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 2, and therefore deny the same and put Plaintiffs to their proof thereof.

3. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 2, and therefore deny the same and put Plaintiffs to their proof thereof.

4. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 2, and therefore deny the same and put Plaintiffs to their proof thereof.

5. With respect to paragraph 5, allege no responsive pleading is required by these answering Defendants as the allegations contained therein are not directed to them.

6. With respect to paragraph 6, allege no responsive pleading is required by these answering Defendants as the allegations contained therein are not directed to them.

7. With respect to paragraph 7, admit only that Jason W. Booth, M.D. is a medical doctor licensed in the State of Iowa who practices in the area of family practice medicine in Cedar Rapids, Linn County, Iowa, and that he has been an employee of Mercy Physician Associates, Inc. d/b/a Mercy Care  Vernon Village.

8. Admit only that Mercy is a corporation organized in Iowa with a place of business in Cedar Rapids, Linn County, Iowa.

9. Defendants do not dispute that this matter is properly venued.

## STATEMENT OF THE FACTS

10. With respect to paragraph 10, admit only that Dr. Booth was a physician providing care to Gloria Teague, but the remaining allegations in said paragraph are denied.

11. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 11, and therefore deny the same and put Plaintiffs to their proof thereof.

12. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 12, and therefore deny the same and put Plaintiffs to their proof thereof.

13. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 13, and therefore deny the same and put Plaintiffs to their proof thereof.

14. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 14, and therefore deny the same and put Plaintiffs to their proof thereof.

15. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 15, and therefore deny the same and put Plaintiffs to their proof thereof.

16. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 16, and therefore deny the same and put Plaintiffs to their proof thereof.

17. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 17, and therefore deny the same and put Plaintiffs to their proof thereof.

18. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 18, and therefore deny the same and put Plaintiffs to their proof thereof.

19. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 19, and therefore deny the same and put Plaintiffs to their proof thereof.

20. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 20, and therefore deny the same and put Plaintiffs to their proof thereof.

21. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 21, and therefore deny the same and put Plaintiffs to their proof thereof.

22. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 22, and therefore deny the same and put Plaintiffs to their proof thereof.

23. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 23, and therefore deny the same and put Plaintiffs to their proof thereof.

24. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 24, and therefore deny the same and put Plaintiffs to their proof thereof.

25. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 11, and therefore deny the same and put Plaintiffs to their proof thereof.

26. Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 26, and therefore deny the same and put Plaintiffs to their proof thereof.

27.    Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 27, and therefore deny the same and put Plaintiffs to their proof thereof.

28.    Allege that at this time they are without sufficient knowledge and information to admit the allegations contained in paragraph 28, and therefore deny the same and put Plaintiffs to their proof thereof.

## CAUSES OF ACTION

### DIVISION I: DR. YATES

### COUNT 1

29.    The preceding paragraphs 1 – 28 are hereby repled and incorporated by reference.

30.    Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 30 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

31.    Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 31 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

32.    Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 32 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

33.    Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 33 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## COUNT 2

34. The preceding paragraphs 1 – 33 are hereby repled and incorporated by reference.

35. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 35 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## COUNT 3

36. The preceding paragraphs 1 – 35 are hereby repled and incorporated by reference.

37. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 37 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

38. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 38 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## DIVISION II: DIAMOND

## COUNT 1

39. The preceding paragraphs 1 – 38 are hereby repled and incorporated by reference.

40. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 40 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

41. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 41 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

42. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 42 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

43. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 43 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

44. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 44 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## COUNT 2

45. The preceding paragraphs 1 – 44 are hereby repled and incorporated by reference.

46. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 46 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## COUNT 3

47. The preceding paragraphs 1 – 46 are hereby repled and incorporated by reference.

48. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 48 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

49. Allege that no responsive pleading is required by these answering Defendants as to the allegations contained in paragraph 49 as they are not directed to them, but any and all allegations and inferences adverse to these defendants are denied.

## DIVISION III: Dr. Booth

### COUNT 1

50.    The preceding paragraphs 1 – 49 are hereby repled and incorporated by reference.

51.    These answering Defendants admit only that certain duties are imposed by the common law of the State of Iowa, but specifically deny they were negligent or violated any duties they owed Gloria Teague.

52.    Deny the allegations contained in paragraph 52.

53.    Deny the allegations contained in paragraph 53, including each and every subpart thereof.

54.    Deny the allegations contained in paragraph 54, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

### COUNT 2

55.    The preceding paragraphs 1 – 54 are hereby repled and incorporated by reference.

56.    Deny the allegations contained in paragraph 56, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

### COUNT 3

57.    The preceding paragraphs 1 – 56 are hereby repled and incorporated by reference.

58.    Deny the allegations contained in paragraph 58, including each and every subpart thereof.

59.    Deny the allegations contained in paragraph 59, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

## DIVISION IV: MERCY

### COUNT 1

60.     The preceding paragraphs 1 – 59 are hereby repled and incorporated by reference.

61.     These answering Defendants admit only that certain duties are imposed by the common law of the State of Iowa, but specifically deny they were negligent or violated any duties they owed Gloria Teague.

62.     Deny the allegations contained in paragraph 62.

63.     Deny the allegations contained in paragraph 63, including each and every subpart thereof.

64.     Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

### COUNT 2

66.     The preceding paragraphs 1 – 65 are hereby repled and incorporated by reference.

67.     Deny the allegations contained in paragraph 67, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

### COUNT 3

68.     The preceding paragraphs 1 – 67 are hereby repled and incorporated by reference.

69.     Deny the allegations contained in paragraph 69, including each and every subpart thereof.

70.     Deny the allegations contained in paragraph 70, including each and every subpart thereof.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

## AFFIRMATIVE DEFENSES

1.   Allege that the proximate or sole proximate cause or superseding cause of Plaintiffs' Injuries and damages may have been pre-existing medical conditions and/or subsequently occurring medical conditions for which these answering Defendants are not responsible.

2.   Allege any injuries or damages sustained by Plaintiffs may have been caused or contributed to by the acts or omissions of persons, parties, entities or forces and/or facts and/or circumstances over which these answering Defendants exercised no authority or control.

3.   Allege Plaintiffs may have failed to mitigate their claimed damages.

4.   Allege that all or portions of Plaintiffs' Petition at Law may fail to state a claim upon which relief may be granted.

5.   Allege that this matter is governed by Chapter 668 (including but not limited to 668.1-668.6 as to comparative fault of the parties) of the Code of Iowa.

6.   Allege this matter is governed by Section 147.136 of the Code of Iowa.

7.   These answering Defendants are without sufficient knowledge and information at this time to determine the applicability of other affirmative defenses and, therefore, reserve their right to plead other affirmative defenses or objections or defenses available under the applicable Rules of Civil Procedure.

WHEREFORE, Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village pray that the Petition at Law be dismissed with costs taxed to Plaintiffs.

## JURY DEMAND

COME NOW Jason W. Booth, M.D., and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village, who hereby demand a trial by jury of all issues in this matter.

Dated this _28th_ day of December, 2015.

*Barry G. Vermeer / Jhel*

Barry G. Vermeer    AT0008124
Loree A. Nelson    AT0005665
GISLASON & HUNTER LLP
Attorneys for Jason W. Booth, M.D. and Mercy
Physician Services, Inc. d/b/a Mercy Care Vernon Village
317 Sixth Avenue, Suite 1400
Des Moines, IA 50309
Phone: 515-244-6199
Fax: 515-244-6493
BVermeer@gislason.com
LNelson@gislason.com

ORIGINAL FILED ELECTRONICALLY.

1881358.1

## IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| ESTATE OF GLORIA TEAGUE<br>JADE TEAGUE<br>JASMINE TEAGUE<br>ANTHONY JAMES TEAGUE<br>ANTONIO TEAGUE<br><br>Plaintiff(s)<br><br>VS.<br><br>LEROY YATES<br>MERCY PHYSICIAN SERVICES INC<br>JASON BOOTH<br>DIAMOND MEDICAL SPA & VEIN PC<br><br>Defendant(s) | CASE NO: 06571  LACV084324<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 02/02/2016 at 9:30 AM at the initiation of a conference call.**
This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**By** <u>TELEPHONE</u> **with the conference call to be initiated by court administration.**

Attorneys for all parties appearing in the case shall participate at this conference.  A party will participate in person if the party does not have an attorney.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

1 of 3

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration that complies with the provisions of Chapter 23. The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date. Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 12/30/15

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| LACV084324 | ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL |
| **Type:** | ORDER FOR TRIAL SCHEDULING CONFERENCE |

So Ordered

*Julie L. Green*

Julie L. Green,  Court Administration Designee,
Sixth Judicial District of Iowa

Electronically signed on 2015-12-30 15:11:57

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████ and J███ T█████, Plaintiffs, v. LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, Defendants. | LAW NO. LACV 084324 APPEARANCE |

COMES NOW, Mike Biderman of the firm Hayes Lorenzen Lawyers PLC and hereby enters his appearance on behalf of the Plaintiffs in the above-captioned case.

HAYES LORENZEN LAWYERS PLC

By _____

Mike H. Biderman       AT00011133
mbiderman@hlpl.c.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688
ATTORNEYS FOR PLAINTIFFS

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

CERTIFICATE OF SERVICE
I hereby certify that on January 29, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E██████ T███████, and J█████T█████, | ) ) ) ) ) ) ) ) ) ) ) ) | LAW NO. LACV 084324 UNOPPOSED MOTION TO CONTINUE TRIAL-SETTING CONFERENCE |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMES NOW, Plaintiffs by and through their attorneys of record, and in support of this Motion states as follows:

1. A Civil Trial-Setting Conference is presently scheduled for February 2, 2016 @ 9:30AM in the above-captioned case.

2. Counsel for Defendants Jason W. Booth, M.D. ("Dr. Booth) and Mercy Physician Services Inc. d/b/a Mercy Care Vernon Village ("Mercy") have filed an answer to the petition in the above-captioned case.

3. Defendants Leroy Yates, M.D. ("Dr. Yates") and Diamond Medical Spa & Vein P.C. ("Diamond") have not had counsel file an appearance or answer in the above-captioned case.

4. Undersigned counsel seeks to avoid the need for an additional trial scheduling and discovery plan conference and civil trial setting conference when Defendants Dr. Yates and Diamond file their answer.

5. Consequently, undersigned counsel requests that the Court continue the civil trial-setting conference in the above-captioned case.

6. Undersigned counsel has contacted counsel for Dr. Booth and Mercy, Barry Vermeer, who does not oppose this motion.

7. A proposed order is attached.

Respectfully submitted,

HAYES LORENZEN LAWYERS PLC

By _____
    James P. Hayes                    AT0003309
    jhayes@hlplc.com

By _____
    Mike H. Biderman          AT00011133
    mbiderman@hlpl.c.com

By _____
    Karen A. Lorenzen          AT0004862
    klorenzen@hlplc.com
    Plaza Centre One, Suite 580
    125 S Dubuque Street
    Iowa City, IA 52240

2

Phone:  (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

CERTIFICATE OF SERVICE
I hereby certify that on January 29, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████, and J████ T█████,<br><br>Plaintiffs,<br><br>v.<br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE,<br><br>Defendants. | LAW NO. LACV 084324<br><br>ORDER ON PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE TRIAL SETTING CONFERENCE |

This matter came before the Court on Plaintiffs' Unopposed Motion to Continue Trial-Setting Conference. The Court finds that the motion should be granted for the reasons stated.

Accordingly,

The Civil Trial-Setting Conference in the above-captioned case is set for the 25th day of February, 2016 at 11:00 a.m..

**IT IS SO ORDERED.**

Clerk to notify



State of Iowa Courts

**Type:**          ORDER FOR CONTINUANCE

**Case Number**      **Case Title**
LACV084324         ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL

So Ordered

Sean McPartland, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2016-01-29 15:22:32     page 2 of 2

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E███ T███ and J███ T███,         Plaintiffs,<br><br>vs.<br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN, P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE,         Defendants. | LAW NO. LACV084324<br><br>**NOTICE OF SERVICE** |

COME NOW Defendants Jason W. Booth, M.D. and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village, and, pursuant to Rule 16.401(2) of the Rules for Electronic Document Management, hereby give notice of serving Defendants' Initial Disclosures as follows:

| | |
|---|---|
| Mr. James P. Hayes<br>Ms. Karen A. Lorenzen<br>Hayes Lorenzen Lawyers PLC<br>125 South Dubuque Street<br>Iowa City, IA 52240 | |

By:   <u> x </u>   U.S. Mail                    <u>    </u>   FAX
       <u>    </u>   Electronic Transmission      <u>    </u>   Overnight Mail
       <u>    </u>   Hand Delivery               <u>    </u>   Other: <u>                       </u>
       <u>    </u>   Certified Mail

Dated this 17 day of _Feb_, 2016.     _Barry G. Vermeer / Jhelr_
                                      Barry G. Vermeer    AT0008124
                                      Loree A. Nelson    AT0005665
                                      GISLASON & HUNTER LLP
                                      Attorneys for Dr. Booth and Mercy Physician
                                          Services, Inc. d/b/a Mercy Care Vernon
                                          Village
                                      Bank of America Building
                                      317 Sixth Avenue, Suite 1400
                                      Des Moines, IA  50309
                                      Phone:  515-244-6199
                                      Fax:  515-244-6493
                                      BVermeer@gislason.com
                                      LNelson@gislason.com

ORIGINAL FILED ELECTRONICALLY.

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, ██████ T████ and J█████ T█████<br><br>Plaintiff,<br><br>vs.<br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN, P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC d/b/a MERCY CARE VERNON VILLAGE<br><br>Defendants. | Law No. LACV084324<br><br>NOTICE OF SERVICE OF INITIAL DISCLOSURES |

COMES NOW, Plaintiffs, by and through undersigned counsel of the firm Hayes Lorenzen Lawyers PLC, and pursuant to Rule 16.401(2) hereby provides notice of serving Initial Disclosures to the Defendant in the above-captioned matter.

Respectfully submitted,

By _____

James P. Hayes        AT0003309

E-mail: jhayes@hlplc.com

By _____
Mike H. Biderman      AT 0011133
E-mail: mbiderman@hlplc.com

By _____
Karen A. Lorenzen      AT0004862
E-mail: klorenzen@hlplc.com
HAYES LORENZEN LAWYERS PLC
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Telephone: (319) 887-3688
Facsimile: (319)-887-3687
ATTORNEYS FOR PLAINTIFFS

Copy to:

Barry G. Vermeer
Loree A. Nelson
GISLASON & HUNTER LLP
317 Sixth Avenue, Suite 1400
Des Moines, IA 50309
*Attorneys for Jason W. Booth, M.D. and*
*Mercy Physician Services, Inc d/b/a Mercy*
*Care Vernon Village*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by delivering to each such attorney at such attorney's address as disclosed by the pleadings of record herein on the 19 day of _Febmany_ , 2016.

By:    ☐ U.S. Mail      ☐ Facsimile
      ☐ Hand Delivered    ☐ Overnight Courier
             ☐ Federal Express    ☒ Other EDMS

Signature _____

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████, and J████ T█████, | LAW NO.  LACV 084324<br><br>UNOPPOSED MOTION TO CONTINUE TRIAL-SETTING CONFERENCE |
| Plaintiffs, | |
| v. | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | |
| Defendants. | |

COMES NOW, Plaintiffs by and through their attorneys of record, and in support of this Motion states as follows:

1. A Civil Trial-Setting Conference is presently scheduled for February 25, 2016 @ 11:00AM in the above-captioned case.

2. Counsel for Defendants Jason W. Booth, M.D. ("Dr. Booth) and Mercy Physician Services Inc. d/b/a Mercy Care Vernon Village ("Mercy") have filed an answer to the petition in the above-captioned case.

3. Defendants Leroy Yates, M.D. ("Dr. Yates") and Diamond Medical Spa & Vein P.C. ("Diamond") have not had counsel file an appearance or answer in the above-captioned case.

4. Undersigned counsel has been in contact with Dr. Yates' potential counsel who needs until March 4, 2016 to finalize their decision regarding representing Dr. Yates.

5. Undersigned counsel seeks to avoid the need for an additional trial scheduling and discovery plan conference and civil trial setting conference when Defendants Dr. Yates and Diamond file their answer.

6. Consequently, undersigned counsel requests that the Court continue the civil trial-setting conference in the above-captioned case.

7. Undersigned counsel has contacted counsel for Dr. Booth and Mercy, Barry Vermeer, who does not oppose this motion.

8. A proposed order is attached.

Respectfully submitted,

HAYES LORENZEN LAWYERS PLC

By _____
James P. Hayes                    AT0003309
jhayes@hlplc.com

By _____
Mike H. Biderman                 AT00011133
mbiderman@hlplc.com

2

By _____

Karen A. Lorenzen          AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone:  (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

CERTIFICATE OF SERVICE
I hereby certify that on February 23, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E████ T███ and J████ T███ | LAW NO. LACV 084324 ORDER ON PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE TRIAL SETTING CONFERENCE |
| Plaintiffs, | |
| v. | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | |
| Defendants. | |

This matter came before the Court on Plaintiffs' Unopposed Motion to Continue Trial-Setting Conference. The Court finds that the motion should be granted for the reasons stated.

Accordingly,

The Civil Trial-Setting Conference in the above-captioned case is RE set for the *22nd* day of *March* 2016 at *11:30 a.m.*

**IT IS SO ORDERED.**

Clerk to notify



State of Iowa Courts

**Type:**        ORDER FOR CONTINUANCE

**Case Number**        **Case Title**
LACV084324        ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL

So Ordered

Mary E. Chicchelly, District Court Judge
Sixth Judicial District of Iowa

Electronically signed on 2016-02-23 14:46:17        page 2 of 2

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████ and J███ T█████, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | LAW NO. LACV084324 <br><br><br> ANSWER AND JURY DEMAND OF DEFENDANTS LEROY YATES, M.D., AND DIAMOND MEDICAL SPA & VEIN, P.C. |

Leroy Yates, M.D. and Diamond Medical Spa & Vein, P.C., for Answer to Plaintiffs' Petition at Law state:

### JURISDICTION, PARTIES AND VENUE

1.     Paragraph 1 is admitted.

2.     Paragraph 2 is admitted.

3.     Paragraph 3 is denied for lack of sufficient information.

4.     It is admitted that Jasmine Teague and J███ T█████ are the daughters of Gloria Teague.  The remaining allegations of Paragraph 4 are denied for lack of sufficient information.

5.     Paragraph 5 is admitted.

1

6.      Paragraph 6 is admitted.

7.      It is admitted that Dr. Jason Booth is a medical doctor licensed to practice medicine in the State of Iowa and that he specializes in the area of family practice medicine in Cedar Rapids. On information and belief, Dr. Yates states that it was his understanding that Dr. Booth was associated with Mercy Care Vernon Village.

8.      Paragraph 8 is denied for lack of sufficient information.

9.      Paragraph 9 is admitted.

## STATEMENT OF FACTS

10.      Paragraph 10 is admitted. For further answer, Dr. Yates and Diamond Medical Spa & Vein, P.C., incorporate the information contained in the fax itself.

11.      Paragraph 11 is admitted.

12.      For answer to Paragraph 12, Dr. Yates incorporates by reference the exam contained in his file. To the extent that Paragraph 12 implies that Mrs. Teague had a history of blood clots, the allegations are denied.

13.      To the extent that the allegations of Paragraph 13 are inconsistent with Dr. Yates' records, the allegations are denied.

14.      To the extent that the allegations of Paragraph 14 are inconsistent with Dr. Yates' records, the allegations are denied.

15.      To the extent that the allegations of Paragraph 15 are inconsistent with Dr. Yates' records, the allegations are denied.

16.      To the extent that the allegations of Paragraph 16 are inconsistent with Dr. Yates' records, the allegations are denied.

2

17. To the extent that the allegations of Paragraph 17 are inconsistent with Dr. Yates' records, the allegations are denied.

18. To the extent that the allegations of Paragraph 18 are inconsistent with Dr. Yates' records, the allegations are denied.

19. To the extent that the allegations of Paragraph 19 are inconsistent with Dr. Yates' records, the allegations are denied.

20. To the extent that the allegations of Paragraph 20 are inconsistent with Dr. Yates' records, the allegations are denied.

21. To the extent that the allegations of Paragraph 21 are inconsistent with Dr. Yates' records, the allegations are denied.

22. The allegations of Paragraph 22 are denied for lack of sufficient information.

23. The allegations of Paragraph 23 are denied for lack of sufficient information.

24. The allegations of Paragraph 24 are denied for lack of sufficient information.

25. The allegations of Paragraph 25 are denied for lack of sufficient information.

26. The allegations of Paragraph 26 are denied for lack of sufficient information.

27. The allegations of Paragraph 27 are denied for lack of sufficient information.

3

28.     The allegations of Paragraph 28 are denied for lack of sufficient information.

## CAUSES OF ACTION

### DIVISION I:  DR. YATES

#### Count 1:  Anthony Teague as Administrator of the Estate of Gloria Teague

For Answer to Count 1, Dr. Yates states:

29.     Dr. Yates incorporates by reference his answers contained in Paragraphs 21-28.

30.     Paragraph 30 contains legal allegations and, therefore, is improper.  To the extent an answer is required, Dr. Yates denied that he was negligent in any respect in his care and treatment of Gloria Teague.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied and specifically the allegations of subparagraphs (a) through (i) are denied.

33.     The allegations of Paragraph 33 are denied and specifically the allegations of subparagraphs (a) through (h) are denied.

WHEREFORE, Dr. Yates prays that Count 1 of Division I be dismissed at Plaintiffs' cost.

#### Count 2:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

For Answer to Count 2, Dr. Yates states:

4

34.     Dr. Yates incorporates by reference his answers contained in Paragraphs 1 through 28 and 30 through 32 herein.

35.     The allegations of Paragraph 35 are denied, including subparagraphs (a) through (c).

WHEREFORE, Dr. Yates prays that Count 2 of Division I be dismissed at Plaintiffs' cost.

**Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on Behalf of Jasmine Teague, Antonio Teague, E████ T██████ and J██ T█████**

For Answer to Count 3, Dr. Yates states:

36.     For answer to Paragraph 36, Dr. Yates incorporates Paragraphs 1 through 28 and 30 through 32 herein.

37.     Dr. Yates denies the allegations of Paragraph 37 and specifically subparagraphs (a) and (b).

38.     Dr. Yates denies the allegations of Paragraph 38 and specifically subparagraphs (a) through (c).

WHEREFORE, Dr. Yates prays that Count 3 of Division I be dismissed at Plaintiffs' cost.

## DIVISION II:  DIAMOND

### Count 1:  Anthony Teague as Administrator of the Estate of Gloria Teague

For Answer to Count 1, Diamond states:

39.     Diamond incorporates by reference its answers contained in Paragraphs 1 through 28 herein.

5

40.     Paragraph 40 contains legal allegations and, therefore, is improper.  To the extent an answer is required, Diamond denies that it was negligent in any respect.

41.     The allegations of Paragraph 41 are denied.

42.     The allegations of Paragraph 42 are denied and specifically the allegations of subparagraphs (a) through (i) are denied.

43.     Paragraph 43 is denied.

44.     The allegations of Paragraph 44 are denied and specifically the allegations of subparagraphs (a) through (g) are denied.

WHEREFORE, Diamond prays that Count 1 of Division II be dismissed at Plaintiffs' cost.

## Count 2:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

For Answer to Count 2, Diamond states:

45.     Diamond incorporates by reference its answers contained in Paragraphs 1 through 28 and 40 through 43 herein.

46.     The allegations of Paragraphs (a) through (c) are denied.

WHEREFORE, Diamond prays that Count 2 of Division II be dismissed at Plaintiffs' cost.

## Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on Behalf of Jasmine Teague, Antonio Teague, Eboni Teague, and Jade Teague

For Answer to Count 3, Diamond states:

6

47.     Diamond incorporates by reference its answers contained in Paragraphs 1 through 28 and 40 through 43.

48.     The allegations of Paragraph 48 are denied and specifically subparagraphs (a) and (b) are denied.

49.     The allegations of Paragraph 49 are denied and specifically the allegations of subparagraphs (a) through (c) are denied.

WHEREFORE, Diamond prays that Count 3 of Division II be dismissed at Plaintiffs' cost.

## DIVISION III: Dr. Booth

No answer is made to Division III since those allegations are not directed toward these Defendants. Any and all allegations and inferences adverse to these Defendants are denied.

## DIVISION IV: MERCY

No answer is made to Division IV since those allegations are not directed toward these Defendants. Any and all allegations and inferences adverse to these Defendants are denied.

## AFFIRMATIVE DEFENSES

1.      Allege that the proximate or sole proximate cause or superseding cause of Plaintiffs' injuries and damages may have been pre-existing medical conditions and/or subsequently occurring medical conditions for which these answering Defendants are not responsible.

7

2.     Allege any injuries or damages sustained by Plaintiffs may have been caused or contributed to by the acts or omissions of persons, parties, entities or forces and/or facts and/or circumstances over which these answering Defendants exercised no authority or control.

3.     Allege that all or portions of Plaintiffs' Petition at Law may fail to state a claim upon which relief may be granted.

4.     Allege that this matter is governed by Chapter 668 (including but not limited to 668.1-668.6 as to comparative fault of the parties) of the Code of Iowa.

5.     Allege this matter is governed by Section 147.136 of the Code of Iowa.

6.     These answering Defendants are without sufficient knowledge and information at this time to determine the applicability of other affirmative defenses and, therefore, reserve their right to plead other affirmative defenses or objections or defenses available under the applicable Rules of Civil Procedure.

## JURY DEMAND

COME NOW Defendants, Leroy Yates, M.D., and Diamond Medical Spa & Vein, P.C., and hereby demand a trial by jury of all issues in this matter.

ROBERT D. HOUGHTON        AT0003739
JENNIFER E. RINDEN        AT0006606
for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:     (319) 365-9461
FAX:       (319) 365-8443

8

E-MAIL:      rdh@shuttleworthlaw.com
E-MAIL:      jer@shuttleworthlaw.com

ATTORNEYS FOR LEROY YATES, M.D., and
DIAMOND MEDICAL SPA & VEIN, P.C.

cc:    James P. Hayes, Esq.
       Karen A. Lorenzen, Esq.
       Mike Biderman, Esq.
       Hayes Lorenzen Lawyers PLC
       Plaza Centre One, Suite 580
       125 So. Dubuque St
       Iowa City IA   52240

       Barry G. Vermeer, Esq.
       Loree A. Nelson, Esq.
       Gislason & Hunter, LLP
       Bank of America Building
       317 Sixth Avenue
       Suite 1400
       Des Moines, IA 50309

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of
this document was served upon counsel of record
for each party to the action in compliance with Iowa
R.C.P. 1.442(b) on: March 4 20 16

By: ☐ Overnight Courier    ☐ FAX         ☐ E-mailed
    ☐ Hand Delivered       ☐ U.S. Mail   ☒ E-filed
    ☐ Certified Mail       ☐ Other

Signature   _Julie A. Miller_

9

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

|  |  |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E████ T████ and J.███ T████<br><br>Plaintiff,<br><br>vs.<br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN, P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC d/b/a MERCY CARE VERNON VILLAGE<br><br>Defendants. | Law No. LACV084324<br><br>NOTICE OF SERVICE OF INITIAL DISCLOSURES |

COMES NOW, Plaintiffs, by and through undersigned counsel of the firm Hayes Lorenzen Lawyers PLC, and pursuant to Rule 16.401(2) hereby provides notice of serving Initial Disclosures to the Defendant LeRoy Yates, M.D. and Diamond Medical Spa & Vein, P.C., in the above-captioned matter.

Respectfully submitted,

By *James P. Hayes /kc*

James P. Hayes          AT0003309
E-mail: jhayes@hlplc.com

By _____

Mike H. Biderman       AT 0011133
E-mail: mbiderman@hlplc.com

By _____

Karen A. Lorenzen       AT0004862
E-mail: klorenzen@hlplc.com
HAYES LORENZEN LAWYERS PLC
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Telephone: (319) 887-3688
Facsimile: (319)-887-3687
ATTORNEYS FOR PLAINTIFFS

Copy to:

Barry G. Vermeer
Loree A. Nelson
GISLASON & HUNTER LLP
317 Sixth Avenue, Suite 1400
Des Moines, IA 50309
*Attorneys for Jason W. Booth, M.D. and
Mercy Physician Services, Inc d/b/a Mercy
Care Vernon Village*

Jennifer Rinden
Shuttleworth & Ingersoll
115 3rd Street SE, Suite 500
PO Box 2107
Cedar Rapids, IA 52401
*Attorneys for LeRoy Yates, M.D. and
Diamond Medical Spa and Vein, P.C.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by delivering to each such attorney at such attorney's address as disclosed by the pleadings of record herein on the 7 day of March , 2016.

By:   □ U.S. Mail          □ Facsimile
      □ Hand Delivered    □ Overnight Courier
                          □ Federal Express    ⊠ Other EDMS

Signature _____

**Rule 23.5—Form 2:** *Trial Scheduling and Discovery Plan*

**Do not file this form in an Expedited Civil Action case, instead use Form 3.**

- This form is to be filed within 7 days after the parties' discovery conference and before the trial-setting conference with the court.
- The parties should complete the entire form except as otherwise indicated.

| **In the Iowa District Court for** | Linn | **County** |
| --- | --- | --- |

| | |
| --- | --- |
| Anthony Teague, et al | No. LACV 084324 |
| | **Trial Scheduling and Discovery Plan** |
| | *Use of this form is mandatory* |
| **Plaintiff(s) / Petitioner(s)** <br> *Full name: first, middle, last* | Date Petition filed: 12 / 03 / 2015 <br> mm    dd    yyyy |
| vs. | Case type: ☒ Law ☐ Equity ☐ Other <br> ☐ PCR ☐ Judicial Review |
| Leroy Yates, M.D., et al | Trial type: ☒ Jury ☐ Nonjury |
| | Expected trial length: 6 days |
| **Defendant(s) / Respondent(s).** <br> *Full name: first, middle, last* | The amount in controversy <br> exceeds $10,000. ☒ Yes ☐ No |

**Appearances:**

**Plaintiff(s) / Petitioner(s)**

James P. Hayes AT 0003309
Karen A. Lorenzen AT 0004862
Mike H. Biderman AT 00011133

**Defendant(s) / Respondent(s)**

Robert Houghton AT 0003738
Jennifer Rinden AT 0006609
Barry G. Vermeer AT 0008124
Loree Nelson AT 0025985

## It is ordered:

1. **Trial** *Note to parties: Unless you have obtained a trial date from court administration, leave this date blank; the court will enter the date after the trial-setting conference.*

   Trial of this case is set for _____ _____, 20____, at _____:____   ☐ a.m. <br>                           Month      Day     Year     Time        ☐ p.m.

   in the district court in the courthouse of the county named above.

2. **Pretrial conference** *Check one. Note to parties: If box A is checked, leave the date blank unless you have obtained a pretrial conference date from court administration. If you do not have a pretrial conference date and check box A, the court will enter the date, by order, after the trial-setting conference.*

   A. ☒ A pretrial conference will be held on _____ _____, 20____, at _____:____   ☐ a.m. <br>                                         Month     Day    Year    Time     ☐ p.m.

   The conference may be held telephonically with prior approval of the court.

   B. ☐ A pretrial conference will be held upon request.

3. **New parties** *List the time period or date when no new parties may be added.*

   No new parties may be added later than 180 days before trial or by _____.

If you need assistance to participate in court due to a disability, contact the disability coordinator at: (____) _____ Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice. Disability coordinator contact information available at: http://www.iowacourts.gov/Administration/Directories/ADA_Access/

*Rule 23.5—Form 2: Trial Scheduling and Discovery Plan,* continued

4. **Transcripts and records**

   All required agency records or prior criminal transcripts will be filed within 30 days of the date of this Plan or by _____.

5. **Pleadings** *List the time period or date pleadings will be closed.*

   Pleadings will be closed 60 days before trial or by _____.

6. **Initial disclosures** *Check all that apply*

   A. ☐ The parties have exchanged initial disclosures.

   B. ☒ The parties will provide initial disclosures no later than _3/28/16_____.

   C. ☐ The parties have stipulated that the following will not be included in initial disclosures:
      *List items not included*

   D. ☐ The parties have stipulated not to provide any initial disclosures.

   E. ☐ The following party objects to providing initial disclosures on the following grounds:
      *Identify the party and state all applicable grounds*

7. **Discovery**

   The parties have held a discovery conference as required by Iowa Rule of Civil Procedure 1.507.

   All written discovery will be served no later than 90 days before trial. All depositions will be completed no later than 60 days before trial. Or, all discovery will be completed by

   _____.

   *Check all that apply*

   A. ☒ No discovery of electronically stored information is expected in this case.

   B. ☐ The parties have conferred about discovery of electronically stored information and reached agreement as set out in Attachment ____.

   C. ☐ The parties have conferred about discovery of electronically stored information and have been unable to reach an agreement. *Note to parties: If box C is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

   A hearing is set for _____ / _____ / _____, at: _____ : _____ ☐ a.m.
                          *mm*    *dd*    *yyyy*    *Time*    ☐ p.m.

       ☐ at the _____ County Courthouse, courtroom _____, or
               *County*                            *Courtroom number*

       ☐ at the following location: _____

   D. ☐ The parties have agreed to a discovery plan, and their agreement is set forth in Attachment ____.

   E. ☐ The parties have agreed to deviate from the limits on discovery otherwise applicable to this action, and their agreement is set forth in Attachment ____.

   F. ☐ The parties have agreed to conduct discovery in phases, and their agreement is set forth in Attachment ____.

*Rule 23.5—Form 2: Trial Scheduling and Discovery Plan, continued*

G. ☐ The parties have reached an agreement under Iowa Rule of Evidence 5.502 as set forth in Attachment _____.

H. ☐ The parties have reached an agreement under Iowa Rule of Civil Procedure 1.504 as set forth in Attachment _____.

I. ☐ The parties have conferred about a discovery plan and have been unable to reach agreement on the issues set forth in Attachment _____. *Note to parties: If box I is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

A hearing is set for _____ / _____ / _____, at: _____:_____ ☐ a.m.
                  *mm*    *dd*    *yyyy*      *Time*        ☐ p.m.

     ☐ at the _____ County Courthouse, courtroom _____, or
                   *County*                                       *Courtroom number*

     ☐ at the following location: _____

**8. Expert witnesses**

A. A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.,* Iowa Code section 668.11):

     (1) Plaintiff: 210 days before trial or by _90 days after the last defendant deposition_____.

     (2) Defendant/Third Party Plaintiff: 150 days before trial or by _90 days following Plaintiffs' expert designation date_

     (3) Third Party Defendant/Others/Rebuttal: 90 days before trial or by _90 days following Defendants' designation date_

B. Any disclosures required by Iowa Rule of Civil Procedure 1.500(2)(*b*) will be provided: *Check each that applies*

     (1) ☒ At the same time the expert is certified.

     (2) ☐ According to the following schedule:

        a. Plaintiff:_____ days before trial or by _____.

        b. Defendant/Third Party Plaintiff:_____ days before trial or by _____.

        c. Third Party Defendant/Others/Rebuttal:_____ days before trial or by

        _____.

C. This section does not apply to court-appointed experts.

*The deadlines listed in paragraphs 5, 6, 7, and 8 may be amended, without further leave of court, by filing a Stipulated Amendment to this Plan listing the dates agreed upon and signed by all attorneys and self-represented litigants. Such Stipulated Amendment may not override any requirement of the Iowa Court Rules and cannot serve as a basis for a continuance of the trial date or affect the date for pretrial submissions.*

**9. Pretrial submissions**

At least 14 or _7_ (the parties may enter another number but not less than 7) days before trial, counsel for the parties and self-represented litigants must:

A. File a **witness and exhibit** list with the clerk of court, serve a copy on opposing counsel and self-represented litigants, and exchange exhibits. In electronic cases, witness and exhibit lists must be electronically filed, and the EDMS system will serve copies on all registered parties.

*Rule 23.5—Form 2: Trial Scheduling and Discovery Plan, continued*

Exhibits must be electronically submitted in lieu of exchanging them. These disclosures must include the following information about the evidence that the disclosing party may present at trial other than solely for impeachment:

(1) The name and, if not previously provided, the address, telephone numbers, and electronic mail address of each witness, separately identifying those the party expects to present and those the party may call if the need arises.

(2) The page and line designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

(3) An identification of each document or other exhibit, including summaries of other evidence, separately identifying those items the party expects to offer and those it may offer if the need arises. The following rules govern exhibits and exhibit lists:

    a. Plaintiff will use numbers and Defendant will use letters. Pretrial exhibit lists will identify each exhibit by letter or number and description. Exhibits must be marked before trial.

    b. Immediately before commencement of trial, the court must be provided with a bench copy, and the court reporter with a second copy, of the final exhibit list for use in recording the admission of evidence.

    c. In nonjury cases, immediately before commencement of trial, parties must provide the court with a bench copy of all exhibits identified on the exhibit lists.

    d. Within 7 days after the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial, counsel and self-represented litigants must file with the clerk of court, and serve on each party, any identification, authentication, and foundation objections to the exhibits listed; otherwise such objections are deemed **waived** for trial purposes. In electronic cases, any identification, authentication, and foundation objections will be electronically filed, and the EDMS system will serve copies on all registered parties. Electronic filing of these objections must be done within 7 days of the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial; otherwise, such objections are deemed **waived** for trial purposes.

B. File and serve **motions in limine**, with supporting legal authority.

C. File and serve **all proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers, and verdict forms. The court must be provided the instructions in written form and electronically.

D. Deliver to the judge and serve a concise **trial brief** addressing factual, legal, and evidentiary issues, with citation to legal authorities.

## 10. Motions

All motions including motions for summary judgment and except motions in limine, must be filed with the clerk of court's office or electronically filed at https://www.iowacourts.state.ia.us/EFile/ at least 60 days before trial, with copies to the assigned judge.

## 11. Settlement conference *Note to parties: If A or B is checked, leave any date blank; the court will enter the settlement conference date, by order, after the trial-setting conference.*

☐ a.m.
☐ p.m.

A. ☐ A settlement conference will be held on _____ , 20\_\_\_\_ , at _____:_____
                                *Month*      *Day*   *Year*   *Time*

at the _____ County Courthouse.

All parties with authority to settle must be present.

☐ a.m.
☐ p.m.

B. ☐ A settlement conference will be held on _____ , 20\_\_\_\_ , at _____:_____
                                *Month*      *Day*   *Year*   *Time*

at the following location _____.

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

        All parties with authority to settle must be present.

C. ☐ A settlement conference will occur at a date, time, and location arranged by the parties.

        All parties with authority to settle must be present.

D. ☒ A settlement conference will be held upon request.

The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.

## 12. Settlements

The parties are responsible for immediately notifying the court administrator of settlement.

## 13. Late settlement fees

Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

## 14. Continuances

Continuances are discouraged and will only be granted for good cause. Motions to continue are governed by Iowa Rule of Civil Procedure 1.910. In the event the trial date is continued, all time deadlines in this Plan and any Stipulated Amendments remain in effect relative to the new trial date unless the court approves new deadlines.

## 15. Notice

Failure to comply with any of the provisions of this Plan or Stipulated Amendments to this Plan may result in the court imposing sanctions pursuant to Iowa Rule of Civil Procedure 1.602(5), including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees. The court will resolve disputes regarding oral agreements on scheduling by reference to this Plan or any Stipulated Amendments to this Plan.

## 16. Other *List additional agreements of the parties for the Trial Scheduling and Discovery Plan*

*At least one signature to the Trial Scheduling and Discovery Plan is required. The signer certifies that all listed parties have joined in this Trial Scheduling and Discovery Plan, subject to any objections noted.*

I certify that all parties and attorneys to this action have agreed to this Trial Scheduling and Discovery Plan and have been served with a copy.

| | | | | |
|---|---|---|---|---|
| Signed: *March* | *15* | , 20 *16* | /s | *Party's or attorney's signature* |
| *Signed:* | *Month* | *Day* | *Year* | |

Mike H. Biderman          Hayes Lorenzen Lawyers PLC
*Printed name*          *Attorney's law firm, if applicable*

125 S. Dubuque St. Ste. 580     Iowa City    IA    52240
*Mailing address*          *City*      *State*     *ZIP code*

( 319 ) 887-3688     mbiderman@hlplc.com
*Phone number*        *Email address*      *Additional email address, if available*

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see https://www.iowacourts.state.ia.us/ESAWebApp//SelectFrame or call the clerk of court.

Case 1:16-cv-00160-LTS   Document 2-2   Filed 08/01/16   Page 74 of 125

## IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| | **ORDER SETTING TRIAL<br>AND APPROVING PLAN** |
| | **Case No : 06571  LACV084324** |
| ESTATE OF GLORIA TEAGUE<br>JADE TEAGUE<br>JASMINE TEAGUE<br>ANTHONY JAMES TEAGUE<br>ANTONIO TEAGUE | Date Petition Filed : 12/03/15 |
| | Case Type : Civil |
| | Trial Type : Jury |
| Plaintiff | Expected Length of Trial : 6 days |
| vs. | The amount in controversy exceeds $10,000 : Yes |
| LEROY YATES<br>MERCY PHYSICIAN SERVICES INC<br>JASON W BOOTH<br>DIAMOND MEDICAL SPA & VEIN PC | |
| Defendant | |

**APPEARANCES:**

**For the Plaintiff:**
**JAMES P HAYES**
**MICHAEL H BIDERMAN**

**For the Defendant:**
**ROBERT D HOUGHTON**
**LOREE A NELSON**
**BARRY G VERMEER**

**This case is assigned to Judge Miller**

**1.   TRIAL :  Jury Trial is scheduled on 12/04/2017 at 09:00 AM at the Linn County Courthouse, 3rd Avenue Bridge, Cedar Rapids, IA.**

Case 1:16-cv-00160-LTS   Document 2-2   Filed 08/01/16   Page 75 of 125

## 2.  PRE-TRIAL CONFERENCE

Pretrial Conference is scheduled on 11/17/2017 at 11:00 AM at the Linn County Courthouse, 3rd Avenue Bridge, Cedar Rapids, IA.  . The conference may be held telephonically with prior approval of the court.

## 3.  DISCOVERY PLAN

Trial Scheduling and Discovery Plan has been filed in this matter in compliance with IRCP1.507(2). The Trial Scheduling and Discovery Plan has been completed. No additional hearings are required. The Trial Scheduling and Discovery plan is incorporated into this order.

Clerk to notify.
**In addition to all other persons entitled to a copy of this order, the Clerk shall provide a copy to Judge Miller**

5ctso

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

2 of 3



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACV084324 | ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL |
| **Type:** | Order Setting Trial |

So Ordered

Connie R. Trosky, **Court** Administration Designee,
**Sixth Judicial District of Iowa**

Electronically signed on 2016-03-22 11:41:59

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| **ESTATE OF GLORIA TEAGUE**<br>**JADE TEAGUE**<br>**JASMINE TEAGUE**<br>**ANTHONY JAMES TEAGUE**<br>**ANTONIO TEAGUE**<br><br>        **Plaintiff/Petitioner,**<br><br><br>**LEROY YATES**<br>**DIAMOND MEDICAL SPA & VEIN PC**<br>**JASON W BOOTH**<br>**MERCY PHYSICIAN SERVICES INC**<br><br><br>        **Respondent/Defendant.** | **Case No. 06571 LACV084324**<br><br>**CONTINUANCE POLICY FOR**<br>**CIVIL CASES**<br><br>**DATE: 03/22/16** |

## SIXTH JUDICIAL DISTRICT CONTINUANCE POLICY FOR CIVIL CASES

It is the mission of this Court to provide justice for citizens without unnecessary delay and without undue waste of the time and other resources of the Court, counsel, litigants, and other case participants. As part of its efforts to achieve this mission, the Court is hereby adopting a strict continuance policy where it will look with disfavor on motions or requests to continue court events. To protect the credibility of scheduled trial dates, the court especially discourages continuances of trials.

This policy is being introduced in conjunction with other procedural changes that will hopefully lead to fewer requests for continuances in civil cases. It applies to all civil cases except small claims cases and juvenile cases.

Except in exigent or other unusual circumstances, any continuance motion or request must be in writing and filed not later than seven days before the court event for which rescheduling is requested. Each continuance motion or request must state reasons and be signed by the attorney. The motion must contain sufficient specific information and/or be supported by sufficient evidentiary materials to allow the court to determine whether there is good cause and whether the alleged cause for the continuance grows out of the fault or negligence of the moving party. In all civil cases set for trial, the

motion must be approved in writing by the party making the request as required by Iowa Rule of Civil Procedure 1.910(2).

The Court will grant a continuance only for good cause shown. For purposes of this policy, good cause is equated to "any cause not growing out of the fault or negligence of movant, which satisfies the court that substantial justice will more nearly be obtained if the case is continued." Iowa R. Civ. P. 1.911(1) (2015). On a case-by-case basis, the Court will evaluate whether sufficient cause justifies a continuance. For example, the following will generally *not* be considered sufficient cause to grant a continuance:

* Counsel or the parties agree to a continuance;
* The case has not previously been continued;
* The case probably will settle if a continuance is granted;
* Discovery has not been completed;
* New counsel has entered an appearance in the case or a party wants to retain new counsel; or
* Unavailability of a witness who has not been subpoenaed.

Examples of sufficient cause to grant a continuance would generally include the following:

* Sudden medical emergency (not elective medical care) or death of a party, counsel, or material witness who has been subpoenaed;
* Facts or circumstances arising or becoming apparent too late in the proceedings to be fully corrected and which, in the view of the Court, would likely cause undue hardship or possibly miscarriage of justice if the trial is required to proceed as scheduled; or
* Illness or family emergency of counsel.

Unless and until a motion to continue is granted, parties are required to appear for the scheduled court event. The filing of a motion to continue in and of itself does not excuse any requirement for appearance by the attorneys and/or parties.

Any grant of a continuance motion or request by the Court shall be ruled upon in writing by the Court, with an indication of who requested it and the reasons for granting it. Whenever possible, the Court will reset the continued matter for the earliest available date on the calendar. Unless the court determines any new date for the continued matter should be scheduled after consultation with counsel for the parties, the court will select a new date for the continued matter and will require the parties and attorneys to conduct the continued matter on that date.

Information about the source of each continuance motion or request in a case and the reason for any continuance granted by the Court shall be documented by the court. The district court administrator will maintain statistics on the court's continuance rate for the purposes of evaluating the effectiveness of the continuance policy. As necessary, the Court shall work with bar representatives and court-related agencies to seek resolution of any organizational or systemic problems that cause cases to be rescheduled but which go beyond the unique circumstances of individual cases.

**CLERK TO NOTIFY.**



State of Iowa Courts

**Case Number**  **Case Title**
LACV084324       ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL
**Type:**        Other Event

So Ordered

Connie R. Trosky, **Court** Administration Designee,
**Sixth Judicial District of Iowa**

Electronically signed on 2016-03-22 11:43:10

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, █████ T████ and J.████ T████,  <br><br>    Plaintiffs,  <br><br>vs.  <br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE,  <br><br>    Defendants. | LAW NO. LACV084324  <br><br>NOTICE OF SERVING DISCOVERY RESPONSE – INITIAL DISCLOSURES |

Pursuant to Rule 16.401(2), notice is hereby given that on March 28, 2016, Defendants Leroy Yates, M.D., and Diamond Medical Spa & Vein, P.C., served the following discovery responses via US Mail to the attorneys of record.

    1.      Initial Disclosures.

ROBERT D. HOUGHTON     AT0003739
JENNIFER E. RINDEN      AT0006606
    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:       (319) 365-8443
E-MAIL:    rdh@shuttleworthlaw.com

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with Iowa R.C.P. 1.442(b) on: March 28 2016
By: ☐ Overnight Courier  ☐ FAX  ☐ E-mailed
    ☐ Hand Delivered  ☐ U.S. Mail  ☑ E-filed
    ☐ Certified Mail  ☐ Other
Signature _____

1

ATTORNEYS FOR LEROY YATES, M.D., and
DIAMOND MEDICAL SPA & VEIN, P.C.

cc:    James P. Hayes, Esq.
       Karen A. Lorenzen, Esq.
       Mike Biderman, Esq.
       Hayes Lorenzen Lawyers PLC
       Plaza Centre One, Suite 580
       125 So. Dubuque St
       Iowa City IA   52240

       Barry G. Vermeer, Esq.
       Loree A. Nelson, Esq.
       Gislason & Hunter, LLP
       Bank of America Building
       317 Sixth Avenue
       Suite 1400
       Des Moines, IA 50309

2

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E████ T█████, and J████ T█████, <br><br> Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, <br><br> Defendants. | LAW NO.  LACV 084324 <br><br> PLAINTIFFS' NOTICE OF SERVICE OF DISCOVERY REQUESTS |

COME NOW Plaintiffs, pursuant to Rule 16. 401(2), and hereby provide notice of service of the following discovery documents on May 16, 2016:

1. Interrogatories to Jason W. Booth, M.D.

2. Interrogatories to Mercy Physician Services, Inc.

3. Request for Production to Jason W. Booth, M.D.

4. Request for Production to Mercy Physician Services, Inc.

HAYES LORENZEN LAWYERS PLC

By _____
James P. Hayes                    AT0003309
jhayes@hlplc.com

By _____
Mike H. Biderman                  AT00011133
mbiderman@hlpl.c.com

By _____
Karen A. Lorenzen                 AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

Copy to:

Robert D. Houghton
Jennifer E. Rinden
SHUTTLEWORTH & INGERSOLL, PLC
500 US Bank Bldg., PO Box 2107
Cedar Rapids, IA 52406
ATTORNEYS FOR LEROY YATES, M.D. and
DIAMOND MEDICAL SPA & VEIN, P.C.

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
317 6th Ave. Ste. 1400
Des Moines, IA 50309
ATTORNEYS FOR JASON BOOTH, M.D. and
MERCY PHYSICIAN SERVICES INC. d/b/a
MERCY CARE VERNON VILLAGE

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016 I electronically filed this document with the Clerk of Court using the EDMS system, which will serve it on the appropriate parties or by mail.

/s/ Michael H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T█████, and J.████ T█████,<br><br>     Plaintiffs,<br><br>vs.<br><br>LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | LAW NO. LACV084324<br><br>NOTICE OF SERVING DISCOVERY RESPONSES |

Pursuant to Rule 16.401(2), notice is hereby given that on May 23, 2016, Defendants

Leroy Yates, M.D., and Diamond Medical Spa & Vein, P.C., served the following discovery

responses via US Mail to the attorneys of record.

1. Dr. Yates' Answers to Interrogatories;
2. Diamond Medical Spa & Vein, P.C.'s Answers to Interrogatories;
3. Dr. Yates' Response to Request for Production; and
4. Diamond Medical Spa & Vein, P.C.'s Response to Request for Production.

ROBERT D. HOUGHTON      AT0003739
JENNIFER E. RINDEN      AT0006606
for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action In compliance with Iowa R.C.P. 1.442(b) on: May 23, 20 16

By: ☐ Overnight Courier ☐ FAX ☐ E mailed
☐ Hand Delivered ☐ U.S. Mail ☐ E-filed
☐ Certified Mail ☐ Other
Signature

1

PHONE:      (319) 365-9461
FAX:        (319) 365-8443
E-MAIL:     rdh@shuttleworthlaw.com

ATTORNEYS FOR LEROY YATES, M.D., and
DIAMOND MEDICAL SPA & VEIN, P.C.

cc:    James P. Hayes, Esq.
       Karen A. Lorenzen, Esq.
       Mike Biderman, Esq.
       Hayes Lorenzen Lawyers PLC
       Plaza Centre One, Suite 580
       125 So. Dubuque St
       Iowa City IA   52240

       Barry G. Vermeer, Esq.
       Loree A. Nelson, Esq.
       Gislason & Hunter, LLP
       Bank of America Building
       317 Sixth Avenue
       Suite 1400
       Des Moines, IA 50309

2

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

|  |  |  |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E████ T████ and J███ T█████, | ) ) ) ) ) ) ) ) | LAW NO. LACV084324 |
| Plaintiffs, | ) | **NOTICE OF SERVICE** |
| vs. | ) ) | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN, P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | ) ) ) ) ) | |
| Defendants. | ) | |

COME NOW Defendants Dr. Jason W. Booth and Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village, and, pursuant to Rule 16.401(2) of the Rules for Electronic Document Management, hereby give notice of serving Defendants' Request for Production of Documents and Interrogatories to Plaintiffs as follows:

| | |
|---|---|
| Mr. James P. Hayes<br>Mr. Michael H. Biderman<br>Ms. Karen A. Lorenzen<br>Hayes Lorenzen Lawyers PLC<br>125 South Dubuque Street<br>Iowa City, IA 52240 | Robert D. Houghton<br>Jennifer E. Rinden<br>Shuttleworth & Ingersoll, PLC<br>500 U.S. Bank Bldg.<br>P.O. Box 2107<br>Cedar Rapids, IA 52406 |

By: ____ U.S. Mail          ____ FAX
       _X_ Electronic Transmission    ____ Overnight Mail
       ____ Hand Delivery          ____ Other: _____
       ____ Certified Mail

Dated this _24th_ day of _May_ , 2016.

_Barry G Vermeer / Jhel_
Barry G. Vermeer    AT0008124
Loree A. Nelson    AT0005665
GISLASON & HUNTER LLP
Attorneys for Dr. Booth and Mercy Physician
    Services, Inc. d/b/a Mercy Care Vernon
    Village
Bank of America Building
317 Sixth Avenue, Suite 1400
Des Moines, IA  50309
Phone:  515-244-6199
Fax:  515-244-6493
BVermeer@gislason.com
LNelson@gislason.com

ORIGINAL FILED ELECTRONICALLY.

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E███ T██████, and J█████ T██████, <br><br> Plaintiffs, <br><br> vs. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, <br><br> Defendants. | LAW NO. LACV084324 <br><br><br> NOTICE OF SERVING DISCOVERY REQUESTS |

Pursuant to Rule 16.401(2), notice is hereby given that on May 26, 2016, Defendants, Leroy Yates, M.D., and Diamond Medical Spa and Vein P.C., served the following discovery requests via US Mail to the attorney(s) of record.

1. Interrogatories to Anthony Teague, as Administrator of the Estate of Gloria Teague; and
2. Request for Production of Documents.

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action In compliance with Iowa R.C.P. 1.442(b) on:

By: ☐ Overnight Courier ☐ FAX ☐ E mailed
☐ Hand Delivered ☐ U.S. Mail ☐ E filed
☐ Certified Mail ☐ Other

Signature

ROBERT D. HOUGHTON    AT0003739
JENNIFER E. RINDEN    AT0006606
for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 U.S. Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461

1

FAX:        (319) 365-8443
E-MAIL:     rdh@shuttleworthlaw.com

ATTORNEYS FOR LEROY YATES, M.D., and
DIAMOND MEDICAL SPA & VEIN, P.C.

cc:    James P. Hayes, Esq.
       Karen A. Lorenzen, Esq.
       Mike Biderman, Esq.
       Hayes Lorenzen Lawyers PLC
       Plaza Centre One, Suite 580
       125 So. Dubuque St
       Iowa City IA   52240

       Barry G. Vermeer, Esq.
       Loree A. Nelson, Esq.
       Gislason & Hunter, LLP
       Bank of America Building
       317 Sixth Avenue
       Suite 1400
       Des Moines, IA 50309

2

# EXHIBIT A

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

|  |  |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█████ T██████, and J████ T██████, <br><br> Plaintiffs, <br><br> v. <br><br> LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE; CAPSON PHYSICIANS INSURANCE COMPANY d/b/a CAPSON PHYSICIANS INSURANCE d/b/a CAPSON PHYSICIANS INSURANCE AGENCY, INC. <br><br> Defendants. | LAW NO. LACV 084324 <br><br> AMENDED PETITION AT LAW |

## JURISDICTION, PARTIES AND VENUE

1.    Plaintiffs seek recovery of an amount herein that is in excess of the jurisdictional requirements of the Iowa Rules of Appellate Procedure.

2.    Gloria Teague was a resident of Cedar Rapids, Linn County, Iowa until her death on June 15, 2014.

3.  Anthony Teague was Gloria Teague's husband until the time of her death and is currently a resident of Cedar Rapids, Linn County, Iowa. Anthony Teague is the Administrator of the Estate of Gloria Teague by Letters of Appointment issued January 21, 2015.

4.  Jasmine Teague, Antonio Teague, █████ T████, and J██ T█████ are the children of Gloria and Anthony Teague and all are residents of Cedar Rapids, Linn County, Iowa.

5.  LeRoy Yates, M.D. ("Dr. Yates") is a medical doctor licensed to practice medicine by the State of Iowa; specializes in the area of obstetrics and gynecology; was at all times material hereto practicing medicine in Davenport, Scott County, Iowa; and at all times material hereto acted both as an individual and as an officer, agent and/or employee of Diamond Medical Spa & Vein.

6.  Diamond Medical Spa & Vein P.C. ("Diamond") is a domestic for-profit corporation duly organized, created and existing under the laws of the State of Iowa; at all times material hereto had its principal place of business in Davenport, Scott County, Iowa.

7.  Jason W. Booth, M.D. ("Dr. Booth") is a medical doctor licensed to practice medicine in the State of Iowa; specializes in the area of family practice medicine in Cedar Rapids, Linn County, Iowa; was at all times material hereto acted both as an individual and as an officer, agent, and/or employee of Mercy Physician Associates, Inc. d/b/a Mercy Care Vernon Village.

8.     Mercy Physician Services, Inc. d/b/a Mercy Care Vernon Village ("Mercy") is a domestic for-profit corporation duly organized, created and existing under the laws of the State of Iowa; at all times material hereto had its principle place of business in Cedar Rapids, Linn County, Iowa.

9.     Capson Physicians Insurance Company d/b/a Capson Physicians Insurance d/b/a Capson Physicians Insurance Agency Inc. ("Capson") is a Texas corporation operating and existing under the laws of the State of Iowa.

10.     At all times material hereto Capson issued a policy to Defendant Dr. Yates bearing the policy number 1001396 (hereinafter Dr. Yates' Capson policy), which contained, among other provisions, medical professional liability coverage for incidents such as the claims of malpractice raised in this petition by Plaintiffs.

11.     At all times material hereto Dr. Yates' Capson policy has limits of liability of $1,000,000/$3,000,000.

12.     At all times material hereto Dr. Yates was an insured within the reasonable interpretation of his Capson policy.

13.     At all times material hereto, Plaintiffs are an intended third party beneficiary of Dr. Yates' Capson policy.

14.     Venue is appropriately placed under Iowa Code § 616.

## STATEMENT OF THE FACTS

15.     On June 6, 2014, Jason Booth, M.D. ("Dr. Booth"), Gloria Teague's primary care physician, sent Dr. Yates a fax indicating that it was OK to stop Gloria Teague's

Plavix on June 4, 2014 and resume on June 15, 2014 in anticipation of an abdominal liposculpture and Brazilian buttock augmentation.

16. On June 14, 2014, Gloria Teague presented to Diamond for abdominal liposculpture and Brazilian buttock augmentation.

17. Dr. Yates performed a pre-op evaluation of Mrs. Teague on June 14, 2014 in which he noted that Mrs. Teague had a family history of "blood clots mother" and noted that Mrs. Teague was 5'5" and 204 lbs.

18. At 1115 on June 14, 2014 Lindy Schlichting, LPN ("Nurse Schlichting") administered 4mg of Alprazolam PO "at the beginning of her procedure."

19. At 1130 Nurse Schlichting administered 2mg more of Alprazolam per Mrs. Teague's request.

20. At 1310 Nurse Schlichting administered 5mg Versed for anxiety IV.

21. At 1325 Nurse Schlichting administered 10mg Morphine Sulfate IV due to pain complaints from Mrs. Teague.

22. At 1500 "during actual fat transfer patient was given an additional 10mg of Morphine Sulfate for pain, third dose of morphine sulfate was ordered, but held......patient tolerated without difficulty or complication."

23. At 1700 "procedure concluded and patient was given 4mg of Zofran IV....patient resting comfortably in the OR. All medications given during the procedure were given under Dr. Yates' supervision, and all were verbal orders."

24. At 1800 Nurse Schlichting noted "Dr. Yates and I assisted patient getting dressed, her eyes were open and she was able to follow verbal commands, no

c/o pain or discomfort. Patient was helped into wheelchair by Dr. Yates and I, she was wheeled to her vehicle, she was able to stand with 1:1 assist, patient climbed into the backseat of her vehicle. Patient laid on her left side, and vocalized that she wanted her seatbelt on which her daughter assisted her with."

25. Nurse Schlichting further noted that "Patient did have minimal verbalization."

26. In his operative report Dr. Yates noted that "2200ml was collected in a sterile container for fat/stem call transfer processing" and 'the total volume of fat injected was 1400 ml. The estimated 'dry' or actual volume of fat was 350 ml to each buttock."

27. The medical examiner report indicates that Gloria Teague was last seen alive by Anthony Teague at 2300 on June 14, 2014.

28. At approximately 0230 on June 15, 2014, Gloria Teague was found unresponsive by Anthony Teague who attempted to resuscitate her.

29. At approximately 0235 Jasmine Teague called the Cedar Rapids Police Department ("CRPD").

30. At approximately 0237 Sgt. Graham Campshure of CRPD arrived at the Teague residence and took over the CPR from Anthony Teague.

31. Officer Julio Lujan and Officer Jeremy Depies of CRPD subsequently arrived at the Teague residence to assist Sgt. Campshure.

32. At approximately 0240, paramedics Jeff Madland and Taryn Dugan of Area Ambulance Service arrived and at 0257 transported Gloria Teague to Mercy Medical Center in Cedar Rapids with the assistance of the Cedar Rapids Fire

Department, where she was pronounced dead "shortly after arrival" by Brian Edeker, M.D.

33. On July 25, 2014 Edward Callaghan, M.D. performed an autopsy on Gloria Teague was a diagnosis of "I. Thromboemboli in left lung vasculature and right heart consistent with pulmonary embolus, II. Status post liposuction procedure with symmetric skin incisions and underlying adipose tissue showing mild extravasation of blood III. Left ovarian cyst (6.5cm) benign, favor physiologic, IV. Legal toxicology studies on blood positive."

34. On February 3, 2015 Dr. Yates sent Capson an email indicating that he had received a medical records request regarding Gloria Teague.

35. On December 14, 2015 Lanette Matthews, J.D. the VP and Director of Claims at Capson sent Dr. Yates an email indicating that Dr. Yates' policy with Capson expired on August 1, 2015 and that he needed to contact his current carrier as "there was not a written Notice of Claim reported to Capson during the policy period involving Gloria Teague. Dr. Yates was on a claims made policy."


## CAUSES OF ACTION

### DIVISION I: DR. YATES

#### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Dr. Yates, states:

36.   Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

37.   From the time that Gloria Teague was first seen by Dr. Yates, Dr. Yates had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship.  Dr. Yates negligently failed to perform this duty.

38.   Dr. Yates was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

39.   Dr. Yates was negligent in:

a)   failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

b)   failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

c)   failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

d)   performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

e)   performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

f)   performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

g)    performing the abdominal liposculapture and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

h)    depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

i)    other ways as revealed through the discovery process.

40.    As a direct and proximate result of the negligence of Dr. Yates, the Estate of Gloria Teague, through Anthony Teague:

a)    has incurred expenses for medical services over and above those otherwise necessary;

b)    has incurred funeral expenses;

c)    has suffered a loss of body and mind;

d)    will in the future suffer a loss of body and mind;

e)    has suffered and in the future will suffer lost time and employment;

f)    has endured pain and suffering and a loss of enjoyment of life;

g)    lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h)    has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Yates in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

### Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Dr. Yates, states:

41.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 37-39 herein.

42.     As a direct and proximate result of the negligence of Dr. Yates, Anthony Teague has:

   a)     lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

   b)     been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

   c)     incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Dr. Yates in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

### Count 3: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E██ T████, and J██ T████.

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E██ T████, and J██ T████, for their cause of action against Dr. Yates states:

43.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 37-39 herein.

44.    As a direct and proximate result of the negligence of Dr. Yates, Jasmine Teague and Antonio Teague have:

a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

b.) incurred other damages.

45.    As a direct and proximate result of the negligence of Dr. Yates, E███ T███ and J██ T████ have:

a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to E███ T███ and J██ T███

b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, E███ T███ and J██ T███ prays for judgment against Dr. Yates in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

### DIVISION II: DIAMOND

#### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Diamond, states:

46.    Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

47.    From the time that Gloria Teague was first seen by Diamond, by and through its agents, representatives and/or employees, including, but not limited to Dr. Yates, until she left the care of Diamond, it was the duty of Diamond, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship.  Diamond negligently failed to perform this duty.

48.    Diamond was negligent through its agents, representatives and/or employees, including Dr. Yates, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

49.    Diamond was negligent in:

   a)    failing to completely and appropriately assess Gloria Teague given her body mass index and family history of blood clots;

   b)    failing to appropriately advise Gloria Teague of the risks and complications of her procedure;

   c)    failing to discharge Gloria Teague with a medically sound plan to prevent pulmonary emboli;

   d)    performing the abdominal liposculpture and Brazilian buttock augmentation on Gloria Teague in an incompetent manner;

   e)    performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate training;

f) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague without adequate operating equipment;

g) performing the abdominal liposculpature and Brazilian buttock augmentation on Gloria Teague in an inadequate operating venue;

h) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

i) other ways as revealed through the discovery process.

50. Diamond is liable for the negligent acts of Dr. Yates, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

51. As a direct and proximate result of the negligence of Diamond, the Estate of Gloria Teague, through Gloria Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) has suffered and in the future will suffer lost time and employment;

e) has endured pain and suffering and a loss of enjoyment of life;

f)      lost the present worth and opportunity to receive early and proper care

and treatment for his condition and a chance of realizing any resulting

gain in life expectancy and physical and mental comfort; and

g)      has incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Diamond in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

### Count 2:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Diamond, states:

52.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 47-50 herein.

53.     As a direct and proximate result of the negligence of Diamond, Anthony Teague has:

a)      lost the present worth of the amount of financial support which Gloria

Teague would have contributed to her spouse, but for her death;

b)      been and will in the future be deprived of the support, aid, comfort and

companionship of his wife; and

c)      incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Diamond in an amount

sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

     **Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E██ T████ and J██ T████**

     Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E██ T████, and J██ T████, for their cause of action against Diamond states:

54.    Plaintiff hereby incorporates by reference paragraphs 1-35 and 47-50 herein.

55.    As a direct and proximate result of the negligence of Diamond, Jasmine Teague and Antonio Teague have:

    a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    b.) incurred other damages.

56.    As a direct and proximate result of the negligence of Diamond, E██ T████ and J██ T████ have:

    a.)    been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to E██ T████ and J██ T████

    b.)    been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

    c.)    incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, █████ T██████ and J████ T█████ prays for judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

### DIVISION III: Dr. Booth

**Count 1:  Anthony Teague as Administrator of the
Estate of Gloria Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Dr. Booth, states:

57.　Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

58.　From the time that Gloria Teague was first seen by Dr. Booth, Dr. Booth had a duty to provide Gloria Teague with proper medical interpretations, diagnosis, attention and doctor-patient relationship.　Dr. Booth negligently failed to perform this duty.

59.　Dr. Booth was negligent in that he failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

60.　Dr. Booth was negligent in:

a)　failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

b) failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance;

c) depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

d) other ways as revealed through the discovery process.

61. As a direct and proximate result of the negligence of Dr. Booth, the Estate of Gloria Teague, through Anthony Teague:

a) has incurred expenses for medical services over and above those otherwise necessary;

b) has incurred funeral expenses;

c) has suffered a loss of body and mind;

d) will in the future suffer a loss of body and mind;

e) has suffered and in the future will suffer lost time and employment;

f) has endured pain and suffering and a loss of enjoyment of life;

g) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

h) has incurred other damages.

WHEREFORE, Anthony Teague as Administrator of the Estate of Gloria Teague prays for judgment against Dr. Booth in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

## Count 2:  Anthony Teague, as Administrator of the
## Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Dr. Booth, states:

62.  Plaintiff hereby incorporates by reference paragraphs 1-35 and 58-60 herein.

63.  As a direct and proximate result of the negligence of Dr. Booth, Anthony Teague has:

   a)  lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

   b)  been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

   c)  incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Dr. Booth in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

## Count 3:  Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E███ T███, and J.██ Teague.

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E███ T███ and J██ T███, for their cause of action against Dr. Booth states:

64.  Plaintiff hereby incorporates by reference paragraphs 1-35 and 58-60 herein.

65.    As a direct and proximate result of the negligence of Dr. Booth, Jasmine Teague and Antonio Teague have:

a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

b.) incurred other damages.

66.    As a direct and proximate result of the negligence of Dr. Booth, E████ T████ and J███ T█████ have:

a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to E███ T█████ and J███ T████;

b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, E███ T█████, and J███ T█████ prays for judgment against Dr. Booth in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION IV: MERCY

### Count 1:  Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Mercy, states:

67.    Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

68. From the time that Gloria Teague was first seen by Mercy, by and through its agents, representatives and/or employees, including, but not limited to Dr. Booth, until she left the care of Mercy, it was the duty of Mercy, by and through its agents, representatives and/or employees, to provide Gloria Teague with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship. Mercy negligently failed to perform this duty.

69. Mercy was negligent through its agents, representatives and/or employees, including Dr. Booth, in that it failed to bring to the service of Gloria Teague that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar health clinics under like circumstances.

70. Mercy was negligent in:

   a)   failing to completely and appropriately assess and clear Gloria Teague for her June 14, 2014 procedure with Dr. Yates given her body mass index and family history of blood clots;

   b)   failing to adequately and appropriately assess Dr. Yates' surgical capabilities prior to facilitating Gloria Teague's pre-surgical clearance

   c)   depriving Gloria Teague of her opportunity to receive early and proper treatment and the chance of realizing the resulting increase to her life expectancy and physical and mental comfort; and

   d)   other ways as revealed through the discovery process.

71. Mercy is liable for the negligent acts of Dr. Booth, as well as any other agents, representatives and/or employees who provided services, care and treatment to Gloria Teague, under the doctrines of respondeat superior, corporate liability and ostensible agency.

72. As a direct and proximate result of the negligence of Mercy, the Estate of Gloria Teague, through Gloria Teague:

   a) has incurred expenses for medical services over and above those otherwise necessary;

   b) has incurred funeral expenses;

   c) has suffered a loss of body and mind;

   d) has suffered and in the future will suffer lost time and employment;

   e) has endured pain and suffering and a loss of enjoyment of life;

   f) lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

   g) has incurred other damages.

   WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays for judgment against Mercy in an amount sufficient to compensate the Estate for its damages, together with costs and interest as provided by law.

**Count 2:  Anthony Teague, as Administrator of the
Estate of Gloria Teague on behalf of Anthony Teague**

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Mercy, states:

73.    Plaintiff hereby incorporates by reference paragraphs 1-35 and 68-71 herein.

74.    As a direct and proximate result of the negligence of Mercy, Anthony Teague has:

   a)    lost the present worth of the amount of financial support which Gloria Teague would have contributed to her spouse, but for her death;

   b)    been and will in the future be deprived of the support, aid, comfort and companionship of his wife; and

   c)    incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays for judgment against Mercy in an amount sufficient to compensate Anthony Teague for his damages, together with costs and interest as provided by law.

**Count 3:   Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E███ T███, and J█ T███████**

Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E███ T███████ and J██ T███████, for their cause of action against Mercy states:

75.    Plaintiff hereby incorporates by reference paragraphs 1-35 and 68-71 herein.

76.    As a direct and proximate result of the negligence of Mercy, Jasmine Teague and Antonio Teague have:

a.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

b.) incurred other damages.

77. As a direct and proximate result of the negligence of Mercy, E██ T█████ and J██ T█████ have:

a.) been deprived of the present value of the amount of financial support which Gloria Teague would have contributed to E██ T█████ and J██ T████;

b.) been and will in the future be deprived of the support, aid, comfort and companionship of their mother, Gloria Teague; and

c.) incurred other damages.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, for Jasmine Teague, Antonio Teague, E██ T█████, and J██ T█████ prays for judgment against Diamond in an amount sufficient to compensate them for their damages, together with costs and interest as provided by law.

## DIVISION V: CAPSON

### Count 1: Anthony Teague as Administrator of the Estate of Gloria Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague, for the Estate's cause of action against Capson, states:

78. Plaintiff hereby incorporates by reference paragraphs 1-35 herein.

79. Dr. Yates was insured for loss due to medical negligence by Capson on the date of loss.

80. Plaintiffs are making a claim for medical negligence against Dr. Yates and Diamond.

81. Dr. Yates had paid the premiums which were due.

82. Dr. Yates had a loss due to medical negligence which is covered by the insurance policy with Capson.

83. Dr. Yates gave Capson:

a.) notice of loss required by the policy; and/or

b.) failure to give formal notice of loss was not prejudicial.

84. Capson is refusing to provide coverage for Dr. Yates' claim.

85. The Estate of Gloria Teague is an intended third party beneficiary of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of liability of the medical malpractice insurance contract between Dr. Yates and Capson.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, prays that Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

## Count 2: Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague

Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Anthony Teague, for his cause of action against Capson, states:

86.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 79-84 herein.

87.     Anthony Teague is an intended third party beneficiary of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of liability of the medical malpractice insurance contract between Dr. Yates and Capson.

        WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Anthony Teague, prays Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

**Count 3:   Anthony Teague, as Administrator of the Estate of Gloria Teague on behalf of Jasmine Teague, Antonio Teague, E███ T███ and J███ T███**

        Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, Eboni Teague, and Jade Teague, for their cause of action against Capson states:

88.     Plaintiff hereby incorporates by reference paragraphs 1-35 and 79-84 herein.

89.     Jasmine Teague, Antonio Teague, E███ T███, and J███ T███ are intended third party beneficiaries of the contract between Dr. Yates and Diamond and should plaintiffs prevail at trial or through settlement Capson must indemnify Dr. Yates and Diamond up to the limits of liability as set forth in the limits of

liability of the medical malpractice insurance contract between Dr. Yates and Capson.

WHEREFORE, Anthony Teague, as Administrator of the Estate of Gloria Teague, on behalf of Jasmine Teague, Antonio Teague, E█████ T█████ and J███ T█████, prays that Capson indemnify Dr. Yates and Diamond regarding the claims against them as set forth in this petition pursuant to the limits of liability as set forth in the medical malpractice insurance contract between Dr. Yates and Capson.

HAYES LORENZEN LAWYERS PLC

By _____

James P. Hayes          AT0003309
jhayes@hlplc.com

By _____

Mike H. Biderman          AT00011133
mbiderman@hlpl.c.com

By _____

Karen A. Lorenzen          AT0004862
klorenzen@hlplc.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

Robert D. Houghton
Jennifer E. Rinden
SHUTTLEWORTH & INGERSOLL, PLC
Attorneys for Leroy Yates, M.D. & Diamond Medical Spa
Attorneys for Leroy Yates, M.D. & Diamond Medical Spa
500 U.S. Bank Bldg., PO Box 2107

CERTIFICATE OF SERVICE
I hereby certify that on June _____, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE, on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E█ ███ T█████ and J███ T█████, | ) ) ) ) ) ) ) ) ) ) ) | LAW NO.  LACV 084324 PLAINTIFFS' MOTION FOR LEAVE TO AMEND PETITION |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| LEROY YATES, M.D.; DIAMOND MEDICAL SPA & VEIN P.C.; JASON W. BOOTH, M.D.; and MERCY PHYSICIAN SERVICES, INC. d/b/a MERCY CARE VERNON VILLAGE, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

COME NOW Plaintiffs, by and through their attorneys of record, and for their Motion for Leave to Amend Petition state as follows:

1. The Petition in this case was filed on December 3, 2015.

2. The Defendants have filed their answers.

3. Given that the Defendants have answered, pursuant to Iowa Rule of Civil Procedure 1.402(4), Plaintiffs may amend their Petition by leave of Court. "Leave to amend, including leave to amend to confirm to the proof, shall be freely given when justice so requires." Iowa R. Civ. Pro. 1.402(4).

4. During the discovery process Plaintiffs have learned that Defendant Dr. Yates has been denied malpractice insurance coverage for the events alleged in the petition by his two applicable malpractice insurance carriers, Capson Physician's Insurance Company ("Capson") and Applied Medico Legal Solutions Risk Retention Group, Inc.

5. Plaintiffs have learned in the discovery process that Dr. Yates sent Capson an email on February 3, 2015 indicating that he had received a medical records request regarding Gloria Teague.

6. Plaintiffs contend that (1.) this served as "notice" of a claim under Dr. Yates' policy with Capson (2.) and that even if Dr. Yates' February 3, 2015 email did not constitute formal "notice" of a claim, lack of more formal notice was not prejudicial to Capson.

7. The Iowa Supreme Court has held that "[u]nless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicated that the promisee intends to give the beneficiary the benefit of the promised performance" Midwest Dredging Co. v. McAninch Corp., 424 N.W.2d 216, 224 (Iowa 1988) (adopting section 302 of the Restatement (Second) of Contracts).

8. Plaintiffs contend that they are an intended 3rd party beneficiary between the malpractice insurance contract between Capson and Dr. Yates.

9. As such, Plaintiffs move to amend their petition to include a 3rd party beneficiary insurance contract claim against Capson.

10. Trial is currently scheduled for December 4, 2017 and the parties have until 180 days before trial to add new parties pursuant to the Trial Scheduling & Discovery Plan filed on March 22, 2016.

WHEREFORE, Plaintiffs respectfully request that this Court grant it leave to amend to file the attached proposed Amended Petition at Law (attached as Exhibit A).

HAYES LORENZEN LAWYERS PLC

By _____

James P. Hayes                    AT0003309
jhayes@hlplc.com

By _____

Karen A. Lorenzen               AT0004862
klorenzen@hlplc.com

By _____

Mike H. Biderman          AT00011133
mbiderman@hlpl.c.com
Plaza Centre One, Suite 580
125 S Dubuque Street
Iowa City, IA 52240
Phone: (319) 887-3688
ATTORNEYS FOR PLAINTIFFS

Original e-filed

Copy to

Barry Vermeer
Loree Nelson
GISLASON & HUNTER LLP
Attorneys for Jason Booth, M.D. and Mercy
Physician Services Inc. d/b/a Mercy Care
Vernon Village
317 6th Ave. Ste. 1400
Des Moines, IA 50309

Robert D. Houghton
Jennifer E. Rinden
SHUTTLEWORTH & INGERSOLL, PLC
Attorneys for Leroy Yates, M.D. & Diamond Medical Spa
500 U.S. Bank Bldg., PO Box 2107
Cedar Rapids, IA 52406

CERTIFICATE OF SERVICE
I hereby certify that on June 9th, 2016,
I electronically filed this document with the Clerk
of Court using the EDMS system, which will serve
it on the appropriate parties, or by mail.

/s/Mike H. Biderman

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

**ESTATE OF GLORIA TEAGUE**
**JADE TEAGUE**
**JASMINE TEAGUE**
**ANTHONY JAMES TEAGUE**
**ANTONIO TEAGUE**

**CASE NO. 06571 LACV084324**

**ORDER**

           **Plaintiff(s),**

**Dated: 06/24/2016**

  **vs.**

**LEROY YATES**
**MERCY PHYSICIAN SERVICES INC**
**JASON W BOOTH**
**DIAMOND MEDICAL SPA & VEIN PC**

           **Defendant(s).**

On this 24th day of June, 2016, the Motion for Leave to Amend filed by Plaintiff(s) was considered by the undersigned pursuant to I.R.Civ.P. 1.402(4). Upon review of the file and being fully advised in the premises, the Court finds that said Motion appears unresisted and should be granted for the reasons stated therein.

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**.

Plaintiff(s) is granted leave to amend. It is further ordered that the proposed amendment shall stand as the file copy without the necessity of further filing.

Clerk to notify.

1 of 2



State of Iowa Courts

**Case Number**
LACV084324
**Type:**

**Case Title**
ANTHONY TEAGUE ETAL VS LEROY YATES MD ETAL
Other Order

So Ordered

*Paul O. Miller*

**Paul D. Miller, District Court Judge,**
**Sixth Judicial District of Iowa**

Electronically signed on 2016-06-24 07:43:30

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

Case Number: LACV084324

| | |
|---|---|
| ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE; ANTHONY TEAGUE, AS Administrator of the Estate of GLORIA TEAGUE on behalf of ANTHONY TEAGUE; and ANTHONY TEAGUE, as Administrator of the Estate of GLORIA TEAGUE on behalf of JASMINE TEAGUE, ANTONIO TEAGUE, E███ T███████, AND J████ T████████, <br> Plaintiff(s), | ACCEPTANCE OF SERVICE |

v.

LEROY YATES, M.D.; DIAMOND MEDICAL
SPA & VEIN P.C.; JASON W. BOOTH, M.D.;
MERCY PHYSICIAN SERVICES, INC. d/b/a a
MERCY CARE VERNON VILLAGE;
CAPSON PHYSICIANS INSURANCE
COMPANY d/b/a CAPSON PHYSICIANS
INSURANCE d/b/a CAPSON PHYSICIANS
INSURANCE AGENCY INC.,
Defendant(s),

---

Service of the foregoing, AMENDED PETITION AT LAW, is hereby accepted as provided by the law for the CAPSON PHYSICIANS INSURANCE COMPANY, defendant named herein, the 5th of July, 2016.

Commissioner of Insurance

Nick Gerhart